IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA** <br><br> and <br><br> **EMBASSY OF THE LIBYAN ARAB JAMAHIRIYA,** <br><br>   Plaintiffs, <br><br> v. <br><br> **Ahmad Miski,** <br><br>   Defendant. | Case No. 1:06-cv-02046-RBW |

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

Defendant, Ahmad Miski, by and through his undersigned counsel, Suzanne M. Lewis, Esq., Bonner, Kiernan, Trebach & Crociata, L.L.P., Robert D. Schulte, Esq. and Schulte Booth, P.C. and hereby files this Memorandum in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and the Federal Rules of Civil Procedure.  In support thereof, Defendant states the following.

<u>Background</u>

This case arises under 15 U.S.C. § 1111 et seq., commonly known as the Lanham Trade-Mark Act ("the Act."). In their Complaint, Plaintiffs claim that Defendant, Ahmad Miski, an individual alleged to be residing in the State of Maryland, and specifically, the City of Annapolis, located in Anne Arundel County, Maryland (see Complaint Caption and ¶ 7),

has infringed, and is infringing, upon trademarks rightfully belonging to the Nation of Libya. Plaintiffs specifically claim that by purchasing and using for commercial purposes the internet domain names of "embassyoflibya.org", "libyaembassy.com", "libyaembassy.org", and "libyanembassy.com" (collectively "the Domain Names"), Defendant has somehow infringed upon or is misusing "famous marks" attributable to its owners, in this case, the "Great Socialist People's Libyan Arab Jamahiriya" and the Embassy of the Libyan Arab Jamahiriya.[1]  See Compl. ¶¶ 15-17.

Plaintiffs further allege that "a substantial part of the events or omissions giving rise the[ir] claim[s] occurred or a substantial part of the property that is the subject of the instant action is situated, specifically, the Embassy of [Libya]."  See Compl. ¶ 3.  For the reasons that follow, this bald assertion is without merit and venue in this Court improper.  Moreover, the interest of justice and the convenience of the Parties justify the transfer of this matter to a United States District Court situate in the State of Maryland under 28 U.S.C. § 1404(a).

## Standard of Revew/Applicable Law

The Venue of the District Court of the United States of America is governed by 28 U.SC. §§ 1391 et seq.  It provides in relevant part that venue is only proper and a Plaintiff may sue in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

---

[1] The formal name of what is colloquially known as the Country of "Libya" is Al Jumahiriyah al Arabiyah al Libiyah ash Shabiyah al Ishtirakiyah al Uzma.  A "Jamahiriya" literally means governance by the masses and, in theory, governance by the populace through local councils.  In practice, a Jamahiriya is a military dictatorship. Source: CIA World Fact Book, 2006.

action is situated [.]" 28 U.S.C. § 1391(b).  Under these provisions and absent a showing that some other statue or Rule would confer venue upon this District, Plaintiffs' own allegations show that venue in this District is indeed improper.

With that said, in order to justify a Motion to Transfer Venue of 28 U.S.C. § 1404(a), a defendant must establish two (2) things.  First, he or she must show that the plaintiff originally could have brought the action in the proposed transferee district.  Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

Second, a transferee-defendant must also demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that court.  Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 139 (2004).  This determination is had by resort to a number of case-specific private and public interest factors including  (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fore; and (6) the ease of access to sources of proof;  (7) the transferee's familiarity with the governing laws; (8) the relative congestion of the calendars of the potential transferee and transferor courts; and (9) the local interest in deciding local controversies at home.  Liban, 305 F. Supp. 2d at 139-40 (Citations omitted.).

### Argument

A.   Venue is improper in this District under 28 U.S.C. § 1391(b)(1)

As noted above, Plaintiffs allege in their Complaint that Defendant is a Maryland Resident.  Accordingly, venue under 28 U.S.C. § 1391(b)(1) would only be proper in a

United States District Court situate in Maryland. Obviously, this Court is not. Of course, Plaintiffs attempt to skirt this inconvenience by resort to 28 U.S.C. § 1391(b)(2).

    B.    <u>Venue is improper in this Court 28 U.S.C. § 1391(b)(2)</u>

While Plaintiffs do allege that the "a substantial part of the events or omissions giving rise the[ir] claim[s] occurred or a substantial part of the property that is the subject of the instant action is situated, specifically, the Embassy of [Libya]" in order to make venue proper in this Court, they cite no predicate facts in order to support that legal conclusion.

To the contrary, Plaintiffs complain that all of the domain names lead to the same "Home Page," which is allegedly owned and/or operated by Defendant. See Compl., ¶¶ 10-11. That Home Page to which Plaintiffs refer, however, merely describes services offered and provides contact information for additional inquiries. The contact information, it should be noted, incorporates an Annapolis, Maryland address and not an address within the District of Columbia. Moreover, the services offered are offered in Maryland and not elsewhere and are not targeted specifically to Washington, D.C. See Compl., **Exhibit 2**. In short, while Plaintiffs allege the misappropriation by Defendant of a trademark belonging to them, they utterly fail to allege how and under what circumstances that misappropriation occurred the District of Columbia. Accordingly, venue pursuant to 28 U.S.C. § 1391(b)(2) under the facts as alleged simply is improper.

    C.    The Balance of Factors Favors Transferring Venue to a United States District <u>Court Situtate in Maryland</u>

Insofar as Defendant is alleged to be a Maryland resident, Plaintiffs could have brought their action in that State under 28 U.S.C.§ 1391(b)(1). In considering the various factors to be addressed in addressing the transfer, Plaintiffs' choice of forum is obvious

given that they have filed in this District.  For his part, however, Defendant strongly prefers moving this action to the United States District Court for the District of Baltimore.  It is closest to his home, his family and business and he has no necessary connection to Washington, D.C.

Morever, it is an open question as to where the claim now asserted arose.  However, it is Defendant's position that if, in fact, the claim has arisen at all, it is by virtue of the operation of Defendant's business, which clearly is situate, and operated exclusively in, the State of Maryland.  For these reasons it would far more convenient for Defendant to have this matter heard in Maryland.  Plaintiffs, for their respective parts, claim to be agents of a foreign government who presumably travel, as a matter of course, in pursuit of their official duties.  Simply traveling a few additional miles to protect what is, in their view, an important government interest can hardly be considered to be "inconvenient."

To the extent that there are credible witnesses in this case, they presumably would have been customers of the Defendant who consumed services of his Maryland company.  Those records clearly would be in the possession, custody or control of Defendant in, of course, Maryland.

The other factors cited by this Court in <u>Liban</u>, *supra*, seem to have little bearing on this case, save for the congestion of this Court's docket the status of which is not in the immediate ken of the Parties.  Suffice it to say, however, that insofar as there exist two (2) United States District Courts in the State of Maryland, their numerical capacity to hear matters is at least twice that of this Court.

## Conclusion

Because (1) venue in this Court is improper; (2) Plaintiffs could have brought this

action in Maryland; and (3) a balancing of the <u>Liban</u> factors favors a transfer of venue, this Court should transfer this matter to the Untied States District Court for the District of Maryland, Baltimore Division pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

By: /s/ _____
Suzanne M. Lewis, Esq. (Bar No. 454141)
1233 20th Street, N.W.
Suite 800
Washington, D.C.  20036

(202) 712-7000
(202) 712-7100 (facsimile)

**SCHULTE BOOTH, P.C.**

By: /s/ _____
Robert D. Schulte, Esq. (*pro hac vice*)
3001 Elliott Street
Baltimore, Maryland 21224

(410) 732-1315
(410) 732-1316 (facsimile)

rschulte@schultebooth.com