IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GREAT SOCIALIST PEOPLE'S ) | |
| LIBYAN ARAB JAMAHIRIYA, <u>et</u> <u>al</u>. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Number: <u>06-CV-2046 (RBW)</u> |
| ) | |
| AHMAD MISKI ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF LIBYAN GOVERNMENT'S RESPONSE TO
DEFENDANT AHMAD MISKI'S MOTION TO TRANSFER VENUE**

Plaintiff Great Socialist People's Libyan Arab Jamahiriya and Plaintiff Embassy of the Libyan Arab Jamahiriya [collectively hereinafter "Plaintiff Libyan Government"], by and through their attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that Defendant Ahmad Miski's motion to transfer venue for the following reasons:

**<u>Background</u>**

1. Plaintiff Great Socialist People's Libyan Arab Jamahiriya [hereinafter the "Libyan Government"] is a "foreign state" as defined in 28 U.S.C. § 1603 (a) that operates in the United States of America through its embassy located in the Watergate complex in Washington, DC.

2. As defined in 28 U.S.C. § 1603 (b), Plaintiff Embassy of the Libyan Arab Jamahiriya is an "agency or instrumentality" of a "foreign state," namely the Great Socialist People's Libyan Arab Jamahiriya, as Plaintiff Embassy of the Libyan Arab Jamahiriya is a "separate legal person, corporate or otherwise" or "an organ of a foreign state or political subdivision thereof."

3.     Plaintiff Embassy of the Libyan Arab Jamahiriya in Washington, DC performs many, if not most, of the diplomatic functions typically performed by a sovereign nation's embassy in Washington, DC.

4.     Defendant Ahmad Miski is believed to be the owner of record of the domain names "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and "libyanembassy.com" who benefits from the use of these domain names.

### Domain Names at Issue

5.     The four domain names at issue in the instant case, "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and "libyanembassy.com" all "point to" the same "home page."[1]

### Defendant Miski's Prior Activities in the District of Columbia related to the Arab American Chamber of Commerce

6.     On July 19, 2001, the Arab American Chamber of Commerce filed a civil action in the United States District Court for the District of Columbia against Defendant Miski entitled Arab American Chamber of Commerce v. Miski et al., Civil Action Number 01-CV-1572, in which the Arab American Chamber of Commerce claimed that Defendant Miski was holding himself out as the Chamber itself in providing certification and authentication services "for individuals or businesses in the United States who export goods to or otherwise do business in the Arab World" and "altering the AACC's primary website so that customers would identify him (and any so-called services that he offered) as AACC and contact him as AACC - that is, he held himself out to be AACC to the public and to offer the services of AACC." See ¶¶ 3 and 70 of the complaint filed on

---

[1]     A printout of this "home page" is attached to the instant response as Exhibit 1.

July 19, 2001 in <u>Arab American Chamber of Commerce v. Miski et al.</u>, Civil Action Number 01-CV-1572.

7.      As in the instant case, the claims brought by the Arab American Chamber of Commerce against Defendant Miski in the 2001 case shows that Defendant Miski's *modus operandi* is to hold himself out as a facilitator for those American individuals and businesses who want to conduct business in the Arab world - a facilitator who has unique connections to the governments of this region.

**<u>Defendant Miski's Activities in the District of Columbia with Regard to Libya</u>**

8.      On the "home page" that the four domain names at issue link to, Defendant Miski describes that

   a.   We will authenticate the document from the Department of State.

   b.   We will certify the document from the Chamber of Commerce.

   c.   We will legalize the document from the Libyan embassy in Washington, DC.

9.      For performing these services, Defendant Miski charges fees that begin at $95.00.

**<u>Defendant Miski's Association with the Arab American Chamber of Commerce</u>**

10.     Defendant Miski is the Registered Agent of the "Arab American Chamber of Commerce, Inc.," a District of Columbia Domestic Business Corporation.[2]

11.     According to the Arab American Chamber of Commerce's website, Defendant Miski is also the Executive Director of this organization.[3]

---

[2]     <u>See</u> District of Columbia Consumer and Regulatory Affairs printout that is attached to this response as Exhibit 2.

[3]     <u>See</u> contact page on Arab American Chamber of Commerce's webpage, http://www.arabchamber.org/contact_information.htm, a printout of which is attached to this response as Exhibit 3.

12.     The Arab American Chamber of Commerce conducts business at 1050 17th Street, N.W., Suite 600, Washington, DC 20036 - the same address listed as the address where Defendant Miski accepts service on the corporation's behalf as Registered Agent.[4]

**Defendant Miski's Contacts with the Libyan Government Officials**

13.     In October 2006, Defendant Miski went to the Libyan Embassy in Washington, DC and requested to meet a Libyan Government official for the purpose of establishing a formal relationship with the Libyan Government whereby Defendant Miski would be the exclusive agent of the Libyan Government in authenticating and legalizing documents between U.S. and Libyan individuals and businesses.[5]

14.     In response to Defendant Miski's request, Ambassador Ali Aujali agreed to meet with Defendant Miski to discuss Defendant Miski's proposal.

15.     After hearing Defendant Miski's proposal, Ambassador Aujali informed Defendant Miski that the Libyan Government had no interest in entering into such a relationship.

16.     Defendant Miski then asked Ambassador Aujali to allow Defendant Miski to advertise his services on the Libyan Embassy's official website (www.libyanbureau-dc.org).

17.     Ambassador Aujali rejected this request as well.

18.     Sometime after this meeting concluded, Ambassador Aujali viewed Defendant Miski's websites, "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and "libyanembassy.com," and instructed the Libyan Government's attorneys to file the instant lawsuit against Defendant Miski since Ambassador Aujali specifically informed

---

[4]     Id.
[5]     See Affidavit of Ambassador Aujali that is attached to this response as Exhibit 4.

4

Defendant Miski that he did not have the Libyan Government's approval to offer these services or use the Libyan Government's name in any way.

19. The services that Defendant Miski advertises and that he discussed with Ambassador Aujali includes delivery of documents by Defendant Miski to the Libyan Embassy on a regular basis as well as meetings with Libyan Government officials.

**Argument**

**I.   VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.**

Venue is proper in the United States District Court for the District of Columbia. 28 U.S.C. § 1391 (b) states (in relevant part) that "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." In the instant case, venue is proper in the United States District Court for the District of Columbia since a "substantial part of the events or omissions giving rise to the claim occurred" in the District of Columbia.

For several years, as evidenced by the 2001 <u>Arab American Chamber of Commerce</u> lawsuit, Defendant Miski has made a practice of coming into the District of Columbia for the purpose of "authenticating," "certifying" and "legalizing" documents related to foreign governments in the Middle East. In fact, as Ambassador Aujali's affidavit shows, Defendant Miski attempted to formalize a relationship with the Libyan Government whereby Defendant Miski would provide these services in conjunction with the Libyan Embassy in Washington. In his motion to transfer venue, Defendant Miski

5

downplays his connections to the District of Columbia, but he neglects to state that the headline of his website discusses (in bold letters):

**Legalization and Certification of Documents from
Libyan Embassy in Washington, DC**

Moreover, Defendant Miski's website refers callers to a District of Columbia telephone number, (202) 347-5800. Finally, Defendant Miski's website discusses the services that he provides:

> We will authenticate the document from the Department of State.

We will legalize the document from the Libyan embassy [sic] in Washington DC. Clearly, Defendant Miski has centered his business toward Washington, DC since the District of Columbia is where Defendant Miski's target audience is centered - individuals and businesses needing certification and authentication services from foreign governments as well as the foreign governments' embassies themselves. While the District of Maryland is certainly one place the Libyan Government could have brought their claims against Defendant Miski, there is no bar to such claims being brought in the District of Columbia since Defendant Miski regularly transacts business in Washington and since the foreign governments with whom he deals on behalf of his customers are in Washington. As stated in <u>Modaressi v. Vedadi</u>, 441 F.Supp 2d 51, 57 (D.D.C. 2006),

> [n]othing in section 1391 (b) (2) mandates that a plaintiff bring suit in the district where the most substantial portion of the relevant events occurred, nor does it require a plaintiff to establish that every event that supports an element of a claim occurred in the district where venue is sought. to the contrary, a plaintiff need only show that 'a substantial part of the events or omissions giving rise to the claim occurred' in that district.

Therefore, since the District of Columbia is the judicial district in which a substantial part of the events or omissions giving rise to the Libyan Government's claim occurred, venue is proper in the District of Columbia where this Honorable Court sits.

**A.   Defendant Miski's Motion to Transfer Venue should be Denied since Considerations of Convenience and the Interest of Justice Do Not Weigh in Favor of Transfer to the District of Maryland.**

Defendant Miski's motion to transfer venue should be denied since considerations of convenience and the interest of justice do not weigh in favor of transfer to the District of Maryland.  In making this determination, the Court should look at several case-specific private and public interest factors.  Lentz v. Eli Lilly and Company, 2006 U.S. Dist. LEXIS 90767 *4 (D.D.C. 2006).  The relevant private interest factors include, but are not limited to: (1) plaintiffs' privilege of choosing the forum; (2) defendant's preferred forum; (3) location where the claim arose; (4) convenience of the parties; (5) convenience of witnesses, but only to the extent that witnesses may be unavailable for trial in one of the fora; and (6) ease of access to sources of proof.  Id.  Public interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home.  Id.  In the instant case, the private interest factors weigh in favor of the District of Columbia since this was where the Libyan Government chose to bring the case, this is where the Libyan Government conducts its affairs in the United States, this is the jurisdiction of the main office of a business of which Defendant Miski is the Registered Agent and Executive Director, this is where all of the witnesses expected to testify in this matter live or work and where the evidence to be presented in this case is located.  As with the private interest factors, the public interest factors weigh in favor of the District of Columbia since the District of Columbia courts are well versed

7

in matters concerning trademark law and also in matters involving foreign governments, the District of Columbia courts are not believed to be any more or less congested than the courts of the State of Maryland and the District of Columbia has an interest in protecting the rights of foreign governments that transact official business from embassies located in the District of Columbia. In fact, as the court in <u>Modaressi</u> observed,

> Even if the Court were to construe defendants' motion |to transfer the case to the District of Maryland| as requesting such a transfer as an alternative to dismissal, the Court would not grant such a motion on these facts because the balance of public-interest factors and private-interest factors would not overcome the presumption in favor of plaintiff's choice of forum - particularly in light of the fact that the geographic distance between this Court and those of the District of Maryland is far too small to present anything more than minor practical difficulties for the parties or their witnesses. <u>Modaressi</u> at 57 n. 7.

Therefore, Defendant Miski's motion to transfer venue should be denied.

Respectfully submitted,

*/s/ J.P. Szy*

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)

Attorney for Plaintiff Great Socialist People's
Libyan Arab Jamahiriya

8

# Exhibit 1

# Legalization and Certification of Documents from Libya Embassy in Washington DC

| | |
|---|---|
| **Required Documents:** | The original document **notarized from the notary public**. |
| **Procedure:** | 1. We will certify the document from the court.<br>2. We will certify the document from the Secretary of State.<br>3. We will authenticate the document from the Department of State.<br>4. We will certify the document from the Chamber of Commerce.<br>5. We will legalize the document from the Libyan embassy in Washington DC. |
| **Approximate turn around time:** | Three to five days. |
| **Charges and Payment methods:** | Send company check or money order for **$157.00** to the order of "US Legalization" This amount covers the following fees:<br>1. Our service fee . {$75.00}<br>2. Circuit Court fee. {$5.00}<br>3. Secretary of State fee . {$5.00}<br>4. Department of State fee . {$7.00}<br>5. Chamber of Commerce certification fee. {$25.00}<br>Libya Liaison Office fee. {$40.00} (For most types of documents)<br>**Except:**<br>6. Article of Incorporation fee is $300<br>Agency Agreement fee is $300<br>Power of Attorney fee is $100<br>*In case that you have an Invoice or a certificate of Origin please click here.* |
| **Charges for additional documents:** | Each additional document *(except Article of Incorporation, Agency Agreement, Power of Attorney)* costs **$107.00** ($25.00 service fee + $5.00 Court certification fees + $5.00 Secretary of State fee + $7.00 Department of State fee + $25.00 Chamber of Commerce fee + $40 Libyan Liaison Office). |
| **Mailing:** | If you are using **FedEx**, **-DHL-**, **-UPS**<br>Please send your documents to**:**<br>**Arab American Chamber of Commerce**<br>**972 Mt. Holly Dr. Annapolis MD 21409**<br>We **do not** accept **USPS Priority Mail**.<br>We accept regular mail, but we **do not** recommend or guarantee. |
| | AACC not responsible for damaged, delayed or lost mail.<br>If you need further assistance, e-mail your request to: **Libya@arabchamber.org** .We will respond within 24 hours. Or, you can contact us at: **1-888-939-ARAB** or (202) 347-5800 for instant assistance. |

# Exhibit 2




## Organization Information

**DCRA HOME**

**SERVICES**
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review Status
Permits

**INFORMATION**

**ONLINE SERVICE REQUESTS**

### Online Organization Registration
Search Registered Organizations

**Organization Details - Step** 1  2  **3**

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

| Organization | | Registered Agent |
|---|---|---|
| **Organization Name:** | ARAB AMERICAN CHAMBER OF COMMERCE, INC. | Ahmad Miski<br>1050 17th St., NW-B-2, Wash, DC<br>Washington, DC 20005 |
| **State:** | DC | |
| **Status:** | ACTIVE | |
| **Initial Date of Registration:** | 6/4/2002 | |
| **File No.:** | 221709 | |
| **Organization Type:** | DOMESTIC BUSINESS CORPORATION | |

[<< Back to Main Page]  [< Return To Search Results]  [Print Results]  [New Search]

For more information, contact the Corporation Division (202) 442-4400 or **email us**.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by Topic | Agencies | DC Council | Search | Elected Officials
Feedback | Translation | Accessibility | Privacy & Security | Terms & Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

# Exhibit 3



## Arab American Chamber of Commerce

Contact Information

This page lists contact information for the Chamber as well as certain key personnel

### Arab American Chamber of Commerce

1050 17th. Street. N.W. Suite 600
Washington, D.C. 20036

Telephone: (202) 347-5800
Fax: (202) 521-4050
Toll Free Tel: 1 888-939-ARAB

Location Map

Click to enlarge

### AACC Legalization Department

972 Mt. Holly Dr.
Annapolis, MD 21401

Telephone: (410) 757-5544
Toll Free Tel: 1 888-999-5991

### Office Hours

Monday - Thursday:  8:00 A.M. to 5:00 P.M. EST
Friday:  8:00 A.M. to 12:00 P.M. EST

### Board of Directors

| | | |
|---|---|---|
| **President:** | Mrs. Deborah Campbell | campbell@arabchamber.com |
| **Vice President** | Ms. Alia Natafji | alia@arabchamber.com |
| **Executive Director:** | Mr. Ahmad Miski | miski@arabchamber.com |
| **Legal Department:** | Mr. Maher Hanania | hanania@arabchamber.com |
| **General Manager:** | Ms. Jessica Lee | lee@arabchamber.com |

If you still have not found what you are looking for, or would like further information from the Arab American Chamber of Commerce, please fill this form:

**Email Address:** *
**First Name:** *
**Last Name:** *
**Phone Number:**
**Subject:**
**Question/Comment:**

[ Submit to the Arab American Chamber of Commerce ]  [ Reset ]

Arab American Chamber of Commerce Internet address is: http://www.arabchamber.org
Arab American Chamber of Commerce e-mail address is: aacc@arabchamber.org

| For legalization-related questions: | For general questions and feedback: |
|---|---|
| legalizatio@arabchamber.org | aacc@arabchamber.org |
| For our services questions or suggestions: | For Arab community services |
| customerservice@arabchamber.org | arab@arabchamber.org |

Copyright © 1995-2005
Arab American Chamber of Commerce. All rights reserved.

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, <u>et al</u>.  ) ) ) Plaintiffs, ) ) vs. ) ) AHMAD MISKI ) ) Defendant. ) | Case Number: <u>06-CV-2046 (RBW)</u> |

## AFFIDAVIT OF AMBASSADOR AUJALI IN SUPPORT OF THE LIBYAN GOVERNMENT'S RESPONSE TO DEFENDANT AHMAD MISKI'S MOTION TO TRANSFER VENUE

I, Ali Aujali, being duly sworn state the following under oath and under the penalties of perjury that:

1.  The statements contained in this Affidavit are made upon personal knowledge of the facts contained in each statement.

2.  The statements contained in this Affidavit are true and correct to the best of my knowledge, information and belief.

3.  The statements contained in this Affidavit set forth such facts as would be admissible in evidence.

4.  I am over the age of eighteen and am competent to testify to the matters stated in this Affidavit.

5.  I am the Great Socialist People's Libyan Arab Jamahiriya Ambassador to the United States of America.

6.  I conduct my official government affairs at the Embassy of the Libyan Arab Jamahiriya located in the Watergate office complex in Washington, DC.

7.      In October 2006, Defendant Miski went to the Libyan Embassy in Washington, DC and requested to meet a Libyan Government official for the purpose of establishing a formal relationship with the Libyan Government whereby Defendant Miski would be the exclusive agent of the Libyan Government in authenticating and legalizing documents between U.S. and Libyan individuals and businesses.

8.      In October 2006, Defendant Miski went to the Libyan Embassy in Washington, DC and requested to meet a Libyan Government official for the purpose of establishing a formal relationship with the Libyan Government whereby Defendant Miski would be the exclusive agent of the Libyan Government in authenticating and legalizing documents between U.S. and Libyan individuals and businesses.

9.      In response to Defendant Miski's request, I agreed to meet with Defendant Miski to discuss Defendant Miski's proposal.

10.     After hearing Defendant Miski's proposal, I informed Defendant Miski that the Libyan Government had no interest in entering into such a relationship.

11.     Defendant Miski then asked me to allow Defendant Miski to advertise his services on the Libyan Embassy's official website (www.libyanbureau-dc.org).

12.     I rejected this request as well.

13.     Sometime after this meeting concluded, I viewed Defendant Miski's websites, "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and "libyanembassy.com," and instructed the Libyan Government's attorneys to file the instant lawsuit against Defendant Miski since I specifically informed Defendant Miski that he did not have the Libyan Government's approval to offer these services or use the Libyan Government's name in any way.

14. Defendant Miski advertises services on his website, including delivery of documents by Defendant Miski to the Libyan Embassy on a regular basis as well as meetings with Libyan Government officials.

**01.17.07**
Date

_____
Ali Aujali

Ambassador of the Great Socialist
People's Libyan Arab Jamahiriya

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GREAT SOCIALIST PEOPLE'S ) | |
| LIBYAN ARAB JAMAHIRIYA, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Number: 06-CV-2046 (RBW) |
| ) | |
| AHMAD MISKI ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING**
**DEFENDANT AHMAD MISKI'S MOTION TO TRANSFER VENUE**

Upon consideration of Defendant Ahmad Miski's motion to transfer venue and Plaintiff Great Socialist People's Libyan Arab Jamahiriya and Plaintiff Embassy of the Libyan Arab Jamahiriya's response thereto, it is hereby ordered that Defendant Ahmad Miski's motion to transfer venue is denied.

_____        _____
Date                                                              Reggie B. Walton
                                                                        United States District Judge