IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA** <br><br> and <br><br> **EMBASSY OF THE LIBYAN ARAB JAMAHIRIYA,** <br><br> Plaintiffs, <br><br> v. <br><br> **Ahmad Miski,** <br><br> Defendant. | Case No. 1:06-cv-02046-RBW |

**REPLY TO PLAINTIFF LIBYAN GOVERNMENT'S RESPONSE (IN OPPOSITION) TO <u>DEFENDANT AHMAD MISKI'S MOTION TO TRANSFER VENUE</u>**

Defendant, Ahmad Miski, by and through his undersigned counsel, Suzanne M. Lewis, Esq., Bonner, Kiernan, Trebach & Crociata, L.L.P., and Robert D. Schulte, Esq. and Schulte Booth, P.C., hereby files this Reply to Plaintiff Libyan Government's Response (in opposition)(hereinafter "Libyan Response Motion") to Defendant Ahmad Miski's Motion to Transfer Venue. In support thereof, Defendant Miski states the following:

1. Plaintiffs' underlying Compliant alleges three (3) violations of 15 U.S.C. § 1125 relating solely to trademark violations. No other allegations were asserted by Plaintiffs in their Complaint. See Complaint, generally.

-1-

2. Summarized, Plaintiffs take umbrage to Defendant's alleged registration of internet domain names containing the word "Libya." See Complaint ¶ 10 & Libyan Response Motion ¶5.

3. While the Plaintiffs go to great lengths to allege ties between Defendant Ahmad Miski and Washington D.C., none of the alleged ties relate to the internet domain names themselves. See Libyan Response Motion ¶¶ 6-19.

4. Moreover, Plaintiffs raise a number of new factual allegations in their Response which are not extant in the Complaint itself and are outside the permissible scope the Court's review of the venue issue.

5. What Plaintiffs fail to do, morever, is explain how Defendant's registration and use of the domain names at issue occurred in Washington, D.C. where — as Plaintiffs claim — " a substantial part of the events or omissions *giving rise to the claim*" took place. See 28 U.S.C. § 1391(b)(2)(Emphasis added.).

6. Indeed, application of this venue principle to the facts as alleged in Plaintiff's case simply could not be dispositive given the global reach of the internet.

7. Under Plaintiffs' view, venue would be proper anywhere in the United States of America. Clearly, this view is not in accord with the law.

8. At the end of the day, the only relevant and decisive test for venue in the instant matter is that of the State of Defendant's residency, which is Maryland — a point which Plaintiffs do not dispute. See 28 U.S.C. § 1391(b)(1).

9. Accordingly, for these reasons and the reasons set forth in Defendant Ahmad Miski's Motion to Transfer Venue which is incorporated herein by reference, venue should be

transferred to the United States District Court for the District of Maryland, Baltimore Division.

> Respectfully submitted,
>
> **BONNER KIERNAN TREBACH & CROCIATA, LLP**
>
> By: /s/ _____
> Suzanne M. Lewis, Esq. (Bar No. 454141)
> 1233 20th Street, N.W.
> Suite 800
> Washington, D.C. 20036
>
> (202) 712-7000
> (202) 712-7100 (facsimile)
>
> slewis@bktc.net
>
> **SCHULTE BOOTH, P.C.**
>
> By: /s/ _____
> Robert D. Schulte, Esq. (*pro hac vice*)
> 3001 Elliott Street
> Baltimore, Maryland 21224
>
> (410) 732-1315
> (410) 732-1316 (facsimile)
>
> rschulte@schultebooth.com