IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| GREAT SOCIALIST PEOPLE'S <br> LIBYAN ARAB JAMAHIRIYA <br> 2600 Virginia Avenue, N.W., Suite 705 <br> Washington, DC 20037-1925 <br><br> And <br><br> EMBASSY OF THE LIBYAN ARAB JAMAHIRIYA <br> 2600 Virginia Avenue, N.W., Suite 705 <br> Washington, DC 20037-1925 <br><br> Plaintiffs, <br><br> Vs. <br><br> AHMAD MISKI <br> 972 Mount Holly Drive <br> Annapolis, MD 21401 <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 06-CV-2046 <br> )          (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND COUNTERCLAIM

Defendant Ahmad Miski, by and through his attorney, Kamal Nawash, answers Plaintiffs' complaint and request this Honorable Court:

a. Deny Plaintiffs' frivolous request for forfeiture and cancellation of any domain name owned by Ahmad Miski;

b. Deny Plaintiffs' frivolous request that ownership and registration of any domain name owned by Ahmad Miski to be transferred to Plaintiffs;

c. Deny Plaintiffs' frivolous request that Ahmad Miski pay Plaintiff any profit for use of any domain name that he owns and further deny Plaintiffs' request for statutory damages;

d. Deny Plaintiffs' frivolous request that Ahmad Miski pay Plaintiff statutory or common law damages for the use of his domain names;

e. Deny Plaintiffs' frivolous request that Ahmad Miski pay Plaintiffs the cost of prosecuting this action against Ahmad Miski.

f. Deny Plaintiffs' request that Ahmad Miski pay Plaintiffs any attorneys fees for bringing this frivolous action;

g. Order that Plaintiffs pay reasonable attorney's fees for having to defend this frivolous action pursuant to 15 U.S.C. 1117(a)(3);

h. Order that Plaintiffs pay Ahmad Miski the cost of having to defend this frivolous action; pursuant to 15 U.S.C. 1117(a)(3);

i. Order that Plaintiff pay Defendant $1,000,000 for damages caused by Plaintiff's Tortious interference with contract;

j. Order that Plaintiff pay Defendant $1,000,000 for damages caused by Plaintiff's Tortious Interference with Prospective Economic Advantage

## Answer to Specific Allegations

1. The allegation in Paragraph 1 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required the allegation is denied.

2. The allegation in Paragraph 2 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required the allegation is denied.

3. The allegation in Paragraph 3 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required the allegation is denied.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant admits to paragraph 7.

8. Defendant admits to paragraph 8.

9. The allegation in Paragraph 9 is vague and ambiguous and thus, Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. The allegation in Paragraph 12 is vague and ambiguous and thus, Defendant denies the allegations contained in Paragraph 12.

13. The Defendant denies the allegation contained in paragraph 13.

14. The Defendant denies the allegation contained in paragraph 14.

15. The answers contained in Paragraphs 1-14 of the instant Answer are incorporated herein as if fully stated.

16. The Defendant denies the allegation contained in paragraph 16.

17. The Defendant denies the allegation contained in paragraph 17.

18. The answers contained in Paragraphs 1-18 of the instant Answer are incorporated herein as if fully stated.

19. The Defendant denies the allegation contained in Paragraph 19.

20. The Defendant denies the allegation contained in Paragraph 20.

21. The answers contained in Paragraphs 1-21 of the instant Answer are incorporated herein as if fully stated.

22. The Defendant denies the allegation contained in Paragraph 22.

23. The Defendant denies the allegation contained in Paragraph 23.

24. The Defendant denies the allegation contained in Paragraph 24.

25. The Defendant denies the allegation contained in Paragraph 25.

## PRAYER FOR RELIEF

26. Defendant avers that Plaintiffs are not entitled to any of the relief requested in the prayers for relief, including each and every subpart of every count.

27. Order that Plaintiffs pay reasonable attorney's fees for having to defend this frivolous action pursuant to 15 U.S.C. 1117(a)(3);

28. Order that Plaintiffs pay Ahmad Miski the cost of having to defend this frivolous action; pursuant to 15 U.S.C. 1117(a)(3);

29. Order that Plaintiff pay Defendant $1,000,000 for damages caused by Plaintiff's Tortious interference with contract;

30. Order that Plaintiff pay Defendant $1,000,000 for damages caused by Plaintiff's Tortious Interference with Prospective Economic Advantage

## AS FOR A FIRST AFFIRMTIVE DEFENSE

31. Plaintiffs' complaint fails in whole or in part, to state a cause of action upon which relief can be granted.

### AS FOR A SECOND AFFIRMTIVE DEFENSE

32. Plaintiffs' complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS FOR A THIRD AFFIRMTIVE DEFENSE

33. Plaintiffs' complaint is barred, in whole or in part, by the doctrine of latches.

### AS FOR A FOURTH AFFIRMTIVE DEFENSE

34. Plaintiffs' damages, if any, are caused in whole or in part, by their failure to exercise due diligence in mitigating their damages.

### AS FOR A FIFTH AFFIRMTIVE DEFENSE

35. Plaintiffs' claims for attorneys' fees and cost of prosecuting their case are barred in whole or in part because such fees are not available under the theories set forth in the complaint.

### AS FOR A SIXTH AFFIRMTIVE DEFENSE

36. Plaintiffs' complaint is barred, in whole or in part, by acquiescence of Plaintiffs and their granting of a license to use the relevant website addresses.

37. Defendant reserves the right to assert such additional affirmative defenses that may appear applicable during the course of this litigation.

### OBJECTIONS

38. Defendant objects to the inclusion of attachments of unnecessary exhibits and documents to Plaintiffs' complaint. LCvR 5.1(g). *"No complaint…shall have appended thereto any document that is not essential to determination of the*

    *action.*" The Plaintiff added various documents to the complaint termed "Exhibit 1" and "Exhibit 2." Adding these attachments to the pleading is neither necessary nor essential to the determination of this action. Moreover, said attachments are prejudicial to Defendant in that the exhibits are attached without foundation, authentication or context. The proper place to attempt admission of such documents is trial and therefore, the attachments must be stricken or detached from the complaint.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the complaint in its entirety. Plaintiffs are not entitled to any of the relief requested in the prayers for relief, including each and every subpart of every count. Defendant further requests an order that Plaintiffs pay reasonable attorney's fees and cost for having to defend this action; an order that Plaintiff pay Defendant $1,000,000 for damages caused by Plaintiff's Tortious interference with contract; and an order for Plaintiff to pay Defendant $1,000,000 for damages caused by Plaintiff's Tortious Interference with Prospective Economic Advantage.

                     Dated: Washington, DC
                     December 13, 2007


  Respectfully submitted,


  THE Nawash Law Office

  By:_____/S_____
    Kamal Nawash, Esq. (DC Bar#: 458755)
    THE Nawash Law Office
    1050 17th St. NW Suite 1000
    Washington, DC 20036
    202-776-7191

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA<br>2600 Virginia Avenue, N.W., Suite 705<br>Washington, DC 20037-1925<br><br>And<br><br>EMBASSY OF THE LIBYAN ARAB JAMAHIRIYA<br>2600 Virginia Avenue, N.W., Suite 705<br>Washington, DC 20037-1925<br>    *Plaintiffs,*<br>Vs.<br><br>AHMAD MISKI<br>972 Mount Holly Drive<br>Annapolis, MD 21401<br>    *Defendant* | Case No: 06-CV-2046 |

## COUNTER CLAIM

Defendant Ahmad Miski, by and through his attorney, Kamal Nawash, counter claims and sues Plaintiffs/Counter Defendants and request this Honorable Court:

a. Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya, to pay Defendant/Counter Plaintiff, Ahmad Miski, a sum equal to Ahmad Miski damages from the embassy's tortuous interference with Defendant's contracts, which Mr. Miski estimates at one million dollars ($1000,000.00).

b. Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya, to pay Defendant/Counter Plaintiff, Ahmad Miski, a sum equal to Ahmad Miski damages for their Tortious Interference with Prospective Economic Advantage, which Mr. Miski estimates at one million dollars ($1000,000.00).

c. Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya, to pay Defendant/Counter Plaintiff, Ahmad Miski, his reasonable costs in prosecuting the instant action.

d. Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiriya and Great Socialist People's Libyan Arab Jamahiriya, to pay Defendant/Counter Plaintiff, Ahmad Miski, his reasonable attorneys' fees in prosecuting this action.

## Jurisdiction

39. This Honorable Court has jurisdiction over this counterclaim pursuant to FRCVP 13a in that this is compulsory counterclaim that arises out of the transactions or occurrences that are the subject matter of the Plaintiffs/Counter defendants' claims. Alternatively the Court has jurisdiction pursuant to FRCVP 13b, in that this permissive counterclaim.

## Factual Allegations

40. Ahmad Miski is a resident of Maryland and is the owner of a Maryland Business by the name of U.S. Legalization, Inc., which does business as the *"U.S. Arab Chamber of Commerce, Arab American Chamber of Commerce and U.S. Legalization."* U.S. Legalization, Inc. is head quartered in Maryland.

41. Mr. Ahmad Miski is the owner of U.S. Legalization, Inc. and the owner of the federal trademark for the American Arab Chamber of Commerce.

42. Mr. Ahmad Miski essentially offers the following services through U.S. Legalization, Inc. He offers an expedited courier service and certifies international commercial document in a function that is similar to a notary public. An example of certifying international documents is where an American executes a power of attorney to

be used in a foreign country. Mr. Miski reviews and certifies the originality of documents and acts as a courier by delivering documents to various government agencies and embassies as needed by the customer.

43. Mr. Miski has been performing courier, notary and document authentication services since 1996. Mr. Miski has performed courier services and document authentication for customers having business with the Libyan embassy or the Libyan United Nations' mission since 1996.

44. In the early 1980s, the U.S. government closed the Libyan embassy in Washington DC due to allegations that Libya supported terrorism. As a consequence of the embassy closure, most companies refused to perform courier, notary or document authentication services for customers having business with Libya.

45. After the closure of the embassy, many of the services performed by the embassy were then performed by the Libyan United Nations Mission in New York. Mr. Miski, through U.S. Legalization, Inc. and the Chamber of Commerce, was one of the few willing to perform services for customers having business with Libya.

46. Mr. Miski was able to establish good working relations with the Libyan Mission in New York and the Libyan Interest Section in Washington, DC. The UN Mission and the Libyan Interest Section in Washington DC regularly forwarded customers to Mr. Miski and the Arab Chamber of Commerce. The New York Mission and the DC Interest Section were fully aware of the websites that are the subject of this lawsuit and even referred customers to the relevant websites. The New York mission and the Washington Interest Section even relied on Mr. Msiki to perform other services such as translating

important documents for them.  The diplomats of the Mission were so appreciative of Mr. Miski's services that they invited him to stay over night at their New York headquarters.

47. At all relevant times, various Libyan officials and diplomats were fully aware of the websites and acquiesced to their use by Mr. Miski.

48. That some of the website addresses that are the subject of Plaintiff's lawsuit lead interested customers to the site of the Arab American Chamber of Commerce which is an obvious commercial site that has nothing to do with the Libyan embassy.  Neither Mr. Miski nor U.S. Legalization, Inc. ever represented, implied nor created the perception that there is an association with the Libyan embassy.  Moreover, no individual or entity ever confused Mr. Miski, Legalization, Inc., or the Arab American Chamber of Commerce with the Libyan embassy or having any ties to the embassy.

49. That many of Mr. Miski's and Legalization Inc.'s customers have commercial transactions in Libya which require interaction with the Libyan embassy, the Department of State and other government agencies.  Mr. Miski and Legalization Inc., through the Arab American Chamber of Commerce, provide services such as public notarization, certifications of origin and a courier service that focuses on government agencies and embassies.

50. That in 2006, the United States established formal relations with Libya and an embassy was established in Washington, DC.  Soon after the establishment of the embassy, Mr. Miski was invited to a reception where he again met the new Libyan ambassador, Ali Aujali.

51. At some point after the reception, one of Legalization Inc.'s customers requested that certain documents be delivered to the Libyan embassy.  While at the embassy, Mr.

Miski came across the new ambassador, who exchanged pleasantries with Mr. Miski and invited Mr. Miski to his office. While in the ambassador's office, the two men exchanged further pleasantries and at some point the ambassador discussed the various services offered by Mr. Miski through Legalization Inc. and the Arab American Chamber of Commerce. The ambassador asked Mr. Miski how much of a "cut" or "commission" is Mr. Miski willing to give "us." The Ambassador then began discussing the various web sites owned by Mr. Miski and requested that the embassy be able to use one of the sites. The two men reached an agreement on the use of a site and when Mr. Miski requested that the agreement be in writing the ambassador retaliated by filing this lawsuit and ordered the embassy not to accept any documents or perform any service for individuals or companies who are customers of Mr. Miski, Legalization, Inc. or the Arab American Chamber of Commerce.

52.     That as a result of the Libyan embassy's refusal to serve the customers of Mr. Miski, Legalization, Inc. and the Arab American Chamber of Commerce, Mr. Miski and Legalization, Inc., suffered great financial harm by losing existing and future customers.

53.     That Ahmad Miski is a direct and third party beneficiary of revenues collected by Legalization, Inc., the Arab American Chamber of Commerce and his own work product. Mr. Miski is also a direct and third party beneficiary of any reductions in revenue and losses from Legalization, Inc., the Arab American Chamber of Commerce and his own work product.

### Count I- Tortious Interference with Contract

54.     The allegation contained in Paragraph 1-53 of the instant Counter claim are incorporated herein as if fully stated.

55.     That as a result of the Libyan embassy's refusal to serve the customers of Mr. Miski, Legalization, Inc. and the Arab American Chamber of Commerce, Mr. Miski and Legalization, Inc., suffered great financial harm by losing existing and future customers.

56.     That Ahmad Miski is a direct and third party beneficiary of revenues collected by Legalization, Inc., the Arab American Chamber of Commerce and his own work product. Mr. Miski is also a direct and third party beneficiary of any reductions in revenue and losses from Legalization, Inc., the Arab American Chamber of Commerce and his own work product. It was foreseeable that Mr. Miski would suffer damages from the actions of the Libyan embassy. Moreover, the Libyan embassy intended to damages Mr. Miski.

57.     That "tortious interference with contractual relations arises when a defendant interferes with a contract between a plaintiff and some third party." Weaver v. Gross, 605 F. Supp. 210, 216 (D.D.C. 1985).

58.     That Ahmad Miski, Legalization, Inc. and Arab American Chamber of Commerce had existing contracts with customers and expectancy of contracts with other customers.

59.     That the Embassy of Libya was aware of those contracts.

60.     That the Libyan embassy "intentionally procured the contract's Breach."

61.     That Ahmad Miski suffered damages from the embassy's tortuous interference with contract.

62.     That as a result of the tortuous interference with contract, Mr. Ahmad Miski suffered great emotional distress.

**WHEREFORE**, Defendant/Counter Plaintiff, Ahmad Miski respectfully requests that the Honorable Court:

    a.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya to pay Ahmad Miski, a sum equal to his damages which Mr. Miski estimates at one million dollars ($1000,000.00).

    b.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya pay Ahmad Miski, his reasonable costs in prosecuting the instant action.

    c.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya pay Ahmad Miski, its reasonable attorneys' fees in prosecuting the instant action.

**Count 2- Tortious Interference with Prospective Economic Advantage**

63.    The allegation contained in Paragraphs 1-62 and Paragraphs a, b, & c of the instant complaint are incorporated herein as if fully stated.

64.    That as a result of the Libyan embassy's refusal to serve the customers of Mr. Miski, Legalization, Inc. and the Arab American Chamber of Commerce, Mr. Miski and Legalization, Inc., suffered great financial harm by losing existing and future contracts/business from customers and economic advantage.

65.    That Ahmad Miski is a direct and third party beneficiary of revenues collected by Legalization, Inc., the Arab American Chamber of Commerce and his own work product. Mr. Miski is also a direct and third party beneficiary of any reductions in revenue and losses from Legalization, Inc., the Arab American Chamber of Commerce and his own work product. It was reasonably foreseeable that Mr. Miski would suffer damages from

the actions of the Libyan embassy and in fact, the embassy intended that Mr. Miski suffer damages from their actions.

66.     That Ahmad Miski, Legalization, Inc. and Arab American Chamber of Commerce had existing contracts, business relationships and expectancy of business relationships.

67.     That the Embassy of Libya was aware of the contracts, business relations and expectancy of business relations.

68.     That the Libyan embassy intentionally procured the contract's Breach, termination of the business relations and expectancy of business relations.

69.     That Ahmad Miski suffered damages from the embassy's tortuous interference with Prospective Economic Advantage.

70.     That as a result of the tortuous interference with Prospective Economic Advantage, Mr. Ahmad Miski suffered great emotional distress.

**WHEREFORE**, Defendant/Counter Plaintiff, Ahmad Miski respectfully requests that the Honorable Court:

d.   Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya to pay Ahmad Miski, a sum equal to his damages which Mr. Miski estimates at one million dollars ($1000.000.00).

e.   Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya pay Ahmad Miski, his reasonable costs in prosecuting the instant action.

    f.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya pay Ahmad Miski, its reasonable attorneys' fees in prosecuting the instant action.

## ABUSE OF PROCESS

71.    The allegation contained in Paragraphs 1-70 of the instant complaint are incorporated herein as if fully stated.

72.    That the Plaintiffs/Counter Defendants, through their ambassador in Washington, DC attempted to secure the ownership of several website addresses, owned by Ahmad Miski, without proper compensation.

73.    That when Ahmad Miski refused to accept the embassy's offer to acquire his webs sites addresses, the Plaintiffs, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya, retaliated by filing this abusive and frivolous lawsuit to accomplish what they could not do through legal means.

74.    That the Plaintiffs, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya, are using "process" to collaterally require or compel Mr. Miski to give them certain web site addresses that they cannot "legally and regularly" compel him to give up.

75.    That as a result of Plaintiffs' abuse of process, Ahmad Miski suffered financial harm and great emotional distress.

**WHEREFORE**, Defendant/Counter Plaintiff, Ahmad Miski respectfully requests that the Honorable Court:

    g.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya to pay Ahmad Miski, a sum

      equal to his damages which Mr. Miski estimates at one million dollars ($1000.000.00) as a result of this abusive and frivolous lawsuit.

h.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya pay Ahmad Miski, his reasonable costs in prosecuting the instant action.

i.    Order Plaintiffs/Counter Defendants, Embassy of the Libyan Arab Jamahiria and Great Socialist People's Libyan Arab Jamahiriya pay Ahmad Miski, its reasonable attorneys' fees in prosecuting the instant action.

Dated: Washington, DC

December 13, 2007

Respectfully submitted,

THE Nawash Law Office

By:_____/S_____
    Kamal Nawash, Esq. (DCB#: 458755)
    THE Nawash Law Office
    1050 17th St. NW Suite 1000
    Washington, DC 20036
    202-776-7191