IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| GREAT SOCIALIST PEOPLE'S<br>LIBYAN ARAB JAMAHIRIYA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number: 06-CV-2046 (RBW) |
| | ) | |
| AHMAD MISKI | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF LIBYAN GOVERNMENT'S MOTION TO STRIKE DEFENDANT
MISKI'S ANSWER AND COUNTERCLAIM, OR IN THE ALTERNATIVE,
MOTION TO DISMISS, AND MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rules 12 and 55 of the Federal Rules of Civil Procedure and the

Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, et seq., and for the following

reasons, Plaintiff Great Socialist People's Libyan Arab Jamahiriya and Plaintiff Embassy

of the Libyan Arab Jamahiriya [collectively hereinafter "Plaintiff Libyan Government"],

by and through their attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm

of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court

grant its motion to strike Defendant Ahmad Miski's untimely answer and counterclaim,

or in the alternative, grant its motion to dismiss Defendant Miski's untimely answer and

counterclaim.  In addition, Plaintiff Libyan Government respectfully requests that this

Honorable Court grant its motion for default judgment against Defendant Miski, order the

relief requested in Plaintiff Libyan Government's complaint and set this matter for an *ex

parte* hearing on Plaintiff Libyan Government's monetary damages.

**Background**

1.     Plaintiff Libyan Government is a "foreign state" pursuant to the Foreign

Sovereign Immunities Act.

2.      On November 30, 2006, Plaintiff Libyan Government filed its complaint seeking, in part, the forfeiture and cancellation of the domain names "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and "libyanembassy.com" that have been registered by Defendant Miski along monetary damages against Defendant Miski.

3.      On January 8, 2007, Defendant Miski filed a motion to dismiss, or in the alternative, to transfer the case to the District of Maryland.

4.      On July 30, 2007, the Court denied Defendant Miski's motion to dismiss, or in the alternative, to transfer the case to the District of Maryland.

5.      Pursuant to F. R. Civ. P. 12 (a) (4), Defendant Miski had ten days from the date of the Court's denial of his motion to dismiss, or in the alternative, to transfer the case to the District of Maryland, in which to file his answer to Plaintiff Libyan Government's complaint.

6.      Defendant Miski did not file an answer to Plaintiff Libyan Government's complaint within ten days from the date of the Court's denial of his motion to dismiss, or in the alternative, to transfer the case to the District of Maryland.

7.      Instead, Defendant Miski filed his answer and counterclaim, which includes claims of "tortuous interference with contract," "tortuous interference with prospective economic advantage" and "abuse of process," on December 14, 2007 – five months late.

**Argument**

**I.      THIS HONORABLE COURT SHOULD GRANT PLAINTIFF LIBYAN GOVERNMENT'S MOTION TO STRIKE DEFENDANT MISKI'S UNTIMELY ANSWER AND COUNTERCLAIM, OR IN THE ALTERNATIVE, GRANT PLAINTIFF LIBYAN GOVERNMENT'S MOTION TO DISMISS DEFENDANT MISKI'S UNTIMELY ANSWER AND COUNTERCLAIM PURSUANT TO F. R. CIV. P. 12 (a) (4).**

This Honorable Court should grant Plaintiff Libyan Government's motion to strike Defendant Miski's untimely answer and counterclaim, or in the alternative, grant Plaintiff Libyan Government's motion to dismiss Defendant Miski's untimely answer and counterclaim pursuant to F. R. Civ. P. 12 (a) (4).  Where a defendant files a timely motion to dismiss that the court denies, F. R. Civ. P. 12 (a) (4) allows that defendant ten days from the date of the court's denial in which to file an answer to the plaintiff's complaint.  Since Defendant Miski did not file his answer or counterclaim within this timetable, his answer and counterclaim is untimely, and therefore, should be stricken.

**II.    PLAINTIFF LIBYAN GOVERNMENT IS IMMUNE FROM THE CLAIMS BROUGHT BY DEFENDANT MISKI IN HIS COUNTERCLAIM PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITIES ACT.**

Plaintiff Libyan Government is immune from the claims brought by Defendant Miski in his counterclaim pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, et seq.  28 U.S.C. § 1605 states, in relevant part,

(a)    A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1)    in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2)    in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3)    in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property

3

exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4)    in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5)    not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A)    any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B)    any claim arising out of malicious prosecution, **abuse of process**, libel, slander, misrepresentation, deceit, or **interference with contract rights**.  [emphasis added].

Since Defendant Miski's counterclaim includes claims of "tortuous interference with contract," "tortuous interference with prospective economic advantage" and "abuse of process," and Plaintiff Libyan Government has not waived its immunity from suit, Defendant Miski's claims are clearly barred by 28 U.S.C. § 1605 (5) (B) and thus, the counterclaim must be dismissed.

**III.    THIS HONORABLE COURT SHOULD GRANT PLAINTIFF LIBYAN GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MISKI  PURSUANT TO F. R. CIV. P. 55 (b) (2) SINCE DEFENDANT MISKI FAILED TO FILE A TIMELY ANSWER TO PLAINTIFF LIBYAN GOVERNMENT'S COMPLAINT.**

This Honorable Court should grant Plaintiff Libyan Government's motion for default judgment against Defendant Miski pursuant to F. R. Civ. P. 55 (b) (2) since Defendant Miski failed to file a timely answer to Plaintiff Libyan Government's

complaint.    Defendant Miski filed his answer and counterclaim approximately five months after the answer and counterclaim was due.    Therefore, since Defendant Miski is in default, this Honorable Court should grant Plaintiff Libyan Government's motion for default judgment against Defendant Miski, order the relief requested in Plaintiff Libyan Government's complaint and set this matter for an *ex parte* hearing on Plaintiff Libyan Government's monetary damages.

Respectfully submitted,

/x/_____

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)

Attorney for Plaintiff Great Socialist People's
Libyan Arab Jamahiriya

## Local Rule 7 (m) Certification

I hereby certify that on December 26, 2007, I discussed, by telephone, the anticipated motion with opposing counsel, Kamal Nawash, Esquire, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.    Unfortunately, the parties could not come to any agreement.

Respectfully submitted,

/x/_____

J.P. Szymkowicz (#462146)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)

Attorney for Plaintiff Great Socialist People's
Libyan Arab Jamahiriya

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

GREAT SOCIALIST PEOPLE'S )
LIBYAN ARAB JAMAHIRIYA, <u>et</u> <u>al</u>. )
 )
                        Plaintiffs, )
 )
vs. )          Case Number: <u>06-CV-2046 (RBW)</u>
 )
AHMAD MISKI )
 )
                        Defendant. )

**ORDER GRANTING PLAINTIFF LIBYAN GOVERNMENT'S MOTION TO STRIKE DEFENDANT MISKI'S ANSWER AND COUNTERCLAIM, OR IN THE ALTERNATIVE, MOTION TO DISMISS, AND MOTION FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff Libyan Government's motion to strike Defendant Miski's untimely answer and counterclaim, or in the alternative, motion to dismiss, and Plaintiff Libyan Government's motion for default judgment, IT IS HEREBY ORDERED THAT Plaintiff Libyan Government's motion to strike and dismiss Defendant Miski's untimely answer and counterclaim is GRANTED.  It is further ordered that Plaintiff Libyan Government's motion for default judgment is GRANTED and an *ex parte* hearing on Plaintiff Libyan Government's damages is scheduled for _____.

_____                    _____
Date                                        Reggie B. Walton
                                            United States District Judge

cc:

J.P. Szymkowicz (#462146)          Kamal M. Nawash (#458755)
SZYMKOWICZ & SZYMKOWICZ, LLP        THE NAWASH LAW OFFICE
1220 19th Street, N.W., Suite 400   1050 17th Street, N.W., Suite 1000
Washington, DC  20036-2438          Washington, DC  20036
(202) 862-8500 (voice)              (202) 776-7191 (voice)
(202) 862-9825 (fax)                (202) 728-1196 (fax)

Attorney for Plaintiff Great Socialist People's      Attorney for Ahmad Miski
Libyan Arab Jamahiriya