IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| | ) | |
| GREAT SOCIALIST PEOPLE'S | ) | |
| LIBYAN ARAB JAMAHIRIYA, <u>et</u> <u>al.</u> | ) | |
| | ) | |
| Plaintiffs, | ) | Case Number:  06-CV-2046RBW |
| | ) | |
| Vs. | ) | |
| | ) | |
| AHMAD MISKI | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS TO STRIKE &
DISMISS DEFENDANT'S COMPLAINT, COUNTERCLAIM &
RESPONSE TO PLAINTIFFS' MOTION FOR DEFAULT &
*DEFENDANT COUNTERS*
WITH A MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR
ABANDONMENT & TO STRIKE ATTACHMENTS FROM COMPLAINT**

Defendant Ahmed Miski, by and through his attorney, Kamal Nawash, responds

to Plaintiffs' motions to strike or in the alternative to dismiss and also responds to

plaintiffs motion for default judgment by respectfully requesting this Honorable Court to

deny Plaintiffs' motions to dismiss or strike Defendant's answer and counterclaim and

deny Plaintiffs motion for default judgment.  Moreover, Defendant Miski *counters* with a

motion to dismiss Plaintiffs' complaint for failure to prosecute their case and

abandonment per Rule 41(b) or Alternatively, Defendant requests this Honorable Court to

strike from Plaintiffs complaint all attachments, exhibits and documents per LCvR 5.1(g).

**Background**

1.      On November 30, 2006, Plaintiffs filed a complaint seeking the taking of

various domain names from Defendant, without compensation.

2.      On January 8, 2007, the Defendant filed a motion to dismiss or to transfer the
        case to his home state of Maryland, which was denied on July 30, 2007.

3.      Since July 30, 2007, the Plaintiffs have not taken any action to prosecute their
        case and for all intents and purposes appeared to have abandoned their case.

4.      Defendant Ahmad Miski, who is a semi literate man with very limited
        financial means, and with no concept or understanding of legal procedure, was
        placed in a very difficult position after his long term lawyer was unable to
        transfer the case to Maryland.   His lawyer was not licensed in Washington
        DC and thus could not represent Defendant Miski before this Court.

5.      Defendant Miski immediately began the search for a Washington DC lawyer,
        which was extremely difficult because of his limited financial means.  After a
        long search, Defendant Miski approached present counsel, who agreed to
        represent him after discovering that Defendant has meritorious defenses and
        counterclaims against the Plaintiffs.

6.      In December of 2007, present counsel reviewed the electronic file for this case
        and discovered that no answer was filed and that the Plaintiffs appeared to
        have abandoned their case.  Upon learning that no answer was filed,
        Defendant Miski immediately instructed present counsel to file an answer.

7.      After the Defendant filed an answer and a counterclaim, Plaintiffs filed a
        motion to dismiss or strike and filed a motion for default judgment, nearly five
        months after they should have filed such a motion.

**Argument**

**I.    THIS HONORABLE COURT SHOULD GRANT DEFENDANT MISKI'S MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO PROSECUTE THEIR CASE AND ABANDONMENT PER RULE 41(B).**

Since July 30, 2007, the Plaintiffs have not taken any action to prosecute their case and for all intents and purposes abandoned their claim until the Defendant filed a counterclaim against them in December of 2007.  Rule 41(b) states, in part, that a defendant may move for dismissal of an action or any claim against the defendant if the Plaintiff fails to prosecute their case.

In this case, the Plaintiffs allowed five months to pass without any action.  Unlike Defendant Ahmad Miski, who is semi-literate, with insufficient financial resources and with no legal representation, the Plaintiffs had resources and legal representation and thus, no plausible explanation for their failure to prosecute their case other than abandoning their frivolous and coercive lawsuit.

The lack of interest in this case by the Plaintiffs is indicative of the coercive origins of this case whereby the Plaintiffs attempted to acquire the property of the Defendant without compensation.  Consequently, the Defendant requests that this Honorable Court dismiss plaintiffs' case per F.R. Civ.P.  41(b).

**II.    THIS HONORABLE COURT SHOULD DENY PLAINTIFFS' MOTIONS TO STRIKE OR IN THE ALTERNATIVE TO DISMISS DEFENDANT'S ANSWER AND COUNTERCLAIM.**

Defendant Ahmad Miski is a semi literate man with limited financial resources, who was unable to secure legal representation until December of 2007, when present counsel agreed to represent him.

Defendant Miski was sued by the government of Libya in November of 2006 regarding certain domain names that were registered in Maryland, where Defendant Miski resides.  Defendant Miski responded to the lawsuit by immediately retaining his long time Maryland lawyer, who tried to transfer the case to Maryland.  This Court denied the motion to transfer in July of 2007 which left Defendant Miski without legal representation since his long term attorney was not licensed in Washington DC.

After months of searching for an attorney, Defendant was successful in retaining present counsel, who agreed to represent him in spite of his limited financial resources. Present counsel agreed to represent Defendant Miski after reviewing his file and concluding that he has meritorious defenses and counterclaims against the Plaintiffs.

In December of 2007, present counsel reviewed the electronic file for this case and discovered that no answer was filed and that the Plaintiffs failed to prosecute their case and appeared to have abandoned it.  Upon learning that no answer was filed in his defense, Defendant Miski immediately instructed present counsel to file an answer, which present counsel filed promptly per Defendant's request.

Within weeks of filing defendant's answer and counterclaim, Plaintiffs filed motions to strike and to dismiss said answer and counterclaim per F.R. Civ.P. 12(a)(4).  As an initial matter, it is incredible that Plaintiffs would file motions to dismiss and to strike Defendant's answer and counterclaim for being "untimely" when the Plaintiffs themselves were inexcusably untimely in prosecuting their case and in fact abandoned their case until the Defendant filed an answer and a counterclaim.  Moreover, F.R. Civ.P. 12(a)(4) does NOT mandate that an action be dismissed or struck for being "untimely." This rule merely provides the time line for procedure.  Sanctions for deviating from the

rule, if any, remain within the discretion of the Court. No Court has interpreted F.R.

Civ.P. 12(a)(4) to mandate specific sanctions and certainly not dismissal.

In terms of the Court's discretion, no case deserves more favorable discretion from

this Court than the instant case. Defendant Miski responded to a frivolous and coercive

lawsuit against him by immediately retaining his long time Maryland lawyer, who tried to

transfer the case to Maryland. This Court denied the motion to transfer in July of 2007

which left Defendant Miski without legal representation since his attorney was not

licensed in Washington DC. Mr. Misky continued to search for a lawyer to represent him

even after the Plaintiffs failed to prosecute their case. Consequently, considering the

equities of this case and this Court's historical preference for adjudicating cases on the

merits, Defendant Misky requests this Honorable Court to Deny Plaintiffs' motions to

dismiss or strike Defendant's answer and counter claim.

**III.    THIS HONORABLE COURT SHOULD DENY PLAINTIFFS' MOTION FOR AN ORDER OF DEFAULT AGAINST DEFENDANT.**

It has always been the stated policy of the federal courts, through the federal rules

of civil procedure, to adjudicate cases on the merit and to reject requests for default

where the party against whom the default is sought is ready willing and able to defend a

case. This policy is clearly codified in FRCP 55(c) and FRCP 60(b).

FRCP 55(c) states *"For good cause shown the Court may set aside an entry of*

*default and if a judgment by default has been entered, may likewise set it aside in*

*accordance with Rule 60(b)"* FRCP 60(b) states in part, *"…the court may relieve a*

*party's legal representative from a final judgment, order, or proceeding for the following*

*reasons: (1) mistake, inadvertence, surprise, or excusable neglect…"* Both Rules 55(c)

and 60(b) make it clear that orders of default and default judgments are undesirable by

the federal rules when the party against whom the default is sought is ready willing and able to defend a case.

Furthermore, Rule 60(b) was enacted precisely for situations such as the instant case, where Defendant's prior attorney inadvertently failed to answer the complaint or inform the Defendant that no answer was filed. This inadvertence was due to the six months gap between the filing of the motion to transfer the case, the ruling of this Court and the fact that previous counsel was not licensed in Washington DC.

In the instant case, the Defendant answered the complaint before the Plaintiffs even considered filing for an order of default. Moreover, the Defendant, who initially filed a motion to transfer the case to his home state, was not even aware that no answer was filed until he retained present counsel. Finally, the Plaintiffs failed to prosecute their case and appeared to have abandoned their case until the Defendant filed an answer and a counterclaim. Wherefore, the defendant prays that this honorable Court deny Plaintiffs' motion for an order of default or default judgment.

## IV.    PLAINTIFFS ARE NOT IMMUNE FROM DEFENDANT MISKI'S COUNTERCLAIM PER THE FOREIGN SOVERIGN IMMUNITIES ACT

Plaintiffs are not immune from Defendant's counterclaim when it was the Plaintiffs who initiated the lawsuit. Plaintiffs incorrectly applied the Foreign Sovereign Immunities Act in their motion to dismiss. Pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605, several provisions allow the Defendant to file a counterclaim under the facts of this case.

28 U.S.C. §1605 states, in relevant part:

**§ 1605. General exceptions to the jurisdictional immunity of a foreign state**

a) A foreign state **shall not** be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication…;
(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere…;
(3)…;

(4) …;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—
(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

As is clear from 28 U.S.C. §1605 (a) (1), (2) and (5) the Defendant can bring a

counterclaim against the Plaintiffs.  The essence of the lawsuit against the Defendant and

the Defendant's counterclaim are in *"connection with a commercial activity of the*

*foreign state."*   The websites that are the subject of this lawsuit offer commercial

services for which the embassy of Libya attempted to coercively share in the profits of

Defendant.  As mentioned in the complaint. The Defendant offers notary, courier and

document authenticity services.  The Defendant has been offering these services for years

and it was only after a new ambassador was assigned to Washington DC that the

ambassador tried to essentially become partners with Defendant by coercing him to share

his profits with the embassy.  After the Defendant refused what amounted to a forced

partnership with the embassy, the embassy retaliated by refusing to perform any of their

normal services to anyone who contracted with the Defendant.  Consequently, the

Defendant has a right under 28 U.S.C. §1605 (a) (2) to file the counterclaim to a lawsuit that is unquestionably commercial in nature and that was initiated by the Plaintiffs.

Moreover, the Plaintiffs have "*waived [their] immunity... by implication*" within the meaning of 28 U.S.C. §1605 (a)(1). Since the basis of the lawsuit is commercial in nature and since it was the Plaintiffs who initiated this lawsuit, the government of Libya has essentially waived their immunity by bringing this frivolous and coercive lawsuit.

Finally, the Plaintiffs incorrectly rely on 28 U.S.C. §1605 (a)(5)(A)(B) to seek dismissal of Defendant's counterclaim. To reach their conclusion, Plaintiffs erroneously assume that 28 U.S.C. §1605 (a)(5)(A)(B) supersedes both 28 U.S.C. §1605 (a)(1) and (2) which it certainly does not as is apparent by the fact that the Plaintiffs have offered no authority for their legal conclusion. Thus, even if we are to accept the Plaintiffs' argument that 28 U.S.C. §1605 (a)(5)(A)(B) prevents the Defendant from filing a counterclaim under the facts of this case, the issue is moot since 28 U.S.C. §1605 (a) (1) and (2) also allow the Defendant to bring a counterclaim.

Moreover, 28 U.S.C. §1605 (a)(5)(A)(B) does not mention intentional interference with economic advantage which is one of Defendant's claims against Plaintiffs.

Wherefore, Defendant respectfully requests this Honorable to rule that Defendant's counterclaim is not barred by the Foreign Sovereign Immunities Act. Alternatively, the Court should postpone ruling on this issue until discovery is performed and it becomes clearer to the Court whether this case arises from a commercial transaction and whether the Plaintiffs waived their immunity by implication.

**V.    THIS HONORABLE COURT SHOULD STRIKE FROM THE
COMPLAINT ALL UNECESSARY EXHIBITS AND DOCUMENTS**

Alternatively, Defendant objects to the inclusion of attachments and unnecessary

exhibits and documents to Plaintiffs' complaint.  LCvR 5.1(g) reads in relevant part "*No*

*complaint…shall have appended thereto any document that is not essential to*

*determination of the action."*  In this case, the Plaintiffs added various documents to the

complaint, termed "Exhibit 1" and "Exhibit 2."  Adding these attachments to the

complaint is neither necessary nor essential to the determination of this action.

Moreover, said attachments are prejudicial to Defendant in that the exhibits are attached

without foundation, authentication or context.  The proper place to attempt admission of

such documents is trial and therefore, Defendant requests that this Honorable Court

strike all attachments and exhibits from the complaint.



    Respectfully submitted,


    /x/_____
    Kamal Nawash, Esq. (DC Bar#: 458755)
    THE Nawash Law Office
    1050 17th St. NW Suite 1 000
    Washington, DC 20036
     202-776-7191
     Attorney for Defendant Ahmad Miski




## Local Rule  7 (m) Certification

I hereby certify that on January 10, 2008, I contacted, by telephone, opposing counsel,
J.P. Szymkowicz , Esquire, in a good-faith effort to determine whether there is any

opposition to the relief sought in Defendant's response to Plaintiffs' motions and Defendant's motions to dismiss Plaintiffs' complaint or in the alternative strike certain attachments from the complaint  and, if there is opposition, to narrow the areas of disagreement.  Attorney J.P. responded by obnoxiously stating **"BRING IT ON."**


Respectfully submitted,


/x/_____
Kamal Nawash, Esq. (DC Bar#: 458755)
THE Nawash Law Office
1050 17th St. NW Suite 1 000
Washington, DC 20036
 202-776-7191
 Attorney for Defendant Ahmad Miski

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

)

GREAT SOCIALIST PEOPLE'S                     )
LIBYAN ARAB JAMAHIRIYA, <u>et</u> <u>al.</u>            )
               Plaintiffs,                )  Case Number:  06-CV-2046RBW
                                    )
Vs.                                          )
                                    )
AHMAD MISKI                                  )
               Defendant,                )

## ORDER GRANTING DEFENDANT MISKI'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVLY TO STRIKE ALL ATTACHMENTS TO THE COMPLAINT AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER , COUNTERCLAIM, AND TO DENY PLAINTIFFS MOTION FOR DEFAULT JUDGMENT

Upon consideration of Defendant Miski's motion to dismiss Plaintiffs' complaint

for failure to prosecute, per Rule 41(b), or in the alternative to strike all attachments from

Plaintiffs' complaint, and upon consideration of Defendant Miski's response to Plaintiffs'

motion to strike or dismiss Defendant's answer and counterclaim and Plaintiffs motion

for default judgment,  it is this _____ day of _____, 2008, by the United States

District Court for the District of Columbia,

**ORDERED**, that Defendant's motion to dismiss Plaintiffs' complaint is **GRANTED ____;**

Alternatively it is:

**ORDERED**, that Plaintiffs' complaint be stricken of all attachments and exhibits_____; and

**ORDERED,** that Plaintiffs' motion to strike or dismiss Defendant's answer and

counterclaim is **DENIED_____;**

**ORDERED,** that Plaintiff's motion for default judgment is **DENIED____.**

_____                _____
Date                                   Reggie B. Walton
                                       United States District Judge

cc:
J.P. Szymkowicz (#462146)              Kamal Nawash (#458755)
SZYMKOWICZ & SZYMKOWICZ, LLP           THE NAWASH LAW OFFICE

1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
Attorney for Plaintiff Great Socialist People's
Libyan Arab Jamahiriya

1050 17th Street, N.W., Suite 1000
Washington, DC 20036
(202) 776-7191 (voice)
(202) 728-1196 (fax)
Attorney for Ahmad Miski