IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| GREAT SOCIALIST PEOPLE'S | ) | |
| LIBYAN ARAB JAMAHIRIYA, <u>et al</u>. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number: <u>06-CV-2046 (RBW)</u> |
| | ) | |
| AHMAD MISKI | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PLAINTIFF LIBYAN GOVERNMENT'S REPLY TO DEFENDANT AHMAD MISKI'S RESPONSE TO PLAINTIFF LIBYAN GOVERNMENT'S MOTION TO STRIKE DEFENDANT MISKI'S ANSWER AND COUNTERCLAIM, OR IN THE ALTERNATIVE, MOTION TO DISMISS, AND MOTION FOR DEFAULT JUDGMENT AS WELL AS PLAINTIFF LIBYAN GOVERNMENT'S RESPONSE TO DEFENDANT MISKI'S CROSS-MOTIONS TO DISMISS AND STRIKE ATTACHMENTS FROM COMPLAINT</u>**

**<u>Oral Hearing Requested on Defendant Miski's Cross- Motions</u>**

Plaintiff Great Socialist People's Libyan Arab Jamahiriya and Plaintiff Embassy of the Libyan Arab Jamahiriya [collectively hereinafter "Plaintiff Libyan Government"], by and through their attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, herein responds to Defendant Ahmad Miski's response to Plaintiff Libyan Government's motion to strike Defendant Ahmad Miski's untimely answer and counterclaim, or in the alternative, its motion to dismiss Defendant Miski's untimely answer and counterclaim and Plaintiff Libyan Government's motion for default judgment.  Plaintiff Libyan Government also responds to Defendant Miski's cross-motions to dismiss Plaintiff Libyan Government's complaint and to strike the documents that Plaintiff Libyan Government attached to its complaint, and requests that the Honorable Court deny such motions.  Plaintiff Libyan Government requests that this

Court schedule an oral hearing on Defendant Miski's cross-motions pursuant to Local Civil Rule 7 (f).

**Background**

1.      On November 30, 2006, Plaintiff Libyan Government filed its complaint seeking, in part, the forfeiture and cancellation of the domain names "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and "libyanembassy.com" that have been registered by Defendant Miski along monetary damages against Defendant Miski.

2.      On January 8, 2007, Defendant Miski filed a motion to dismiss, or in the alternative, to transfer the case to the District of Maryland.

3.      On July 30, 2007, the Court denied Defendant Miski's motion to dismiss, or in the alternative, to transfer the case to the District of Maryland.

4.      Pursuant to F. R. Civ. P. 12 (a) (4), Defendant Miski had ten days from the date of the Court's denial of his motion to dismiss, or in the alternative, to transfer the case to the District of Maryland, in which to file his answer to Plaintiff Libyan Government's complaint.

5.      Defendant Miski did not file an answer to Plaintiff Libyan Government's complaint within ten days from the date of the Court's denial of his motion to dismiss, or in the alternative, to transfer the case to the District of Maryland.

6.      Instead, Defendant Miski filed his answer and counterclaim, which includes claims of "tortuous interference with contract," "tortuous interference with prospective economic advantage" and "abuse of process," on December 14, 2007 – four months late.

7.      On December 28, 2007, Plaintiff Libyan Government filed its motion to strike Defendant Ahmad Miski's untimely answer and counterclaim, or in the alternative, its

motion to dismiss Defendant Miski's untimely answer and counterclaim as well as a motion for default judgment.

8.    On January 10, 2008, Defendant Miski filed his response to Plaintiff Libyan Government's motions in which he offers virtually no explanation for his failure to file a timely response to Plaintiff Libyan Government's complaint outside of Paragraphs 4 and 5 of his  response, which states

> Defendant Ahmad Miski, who is a semi literate man with very limited financial means, and with no concept or understanding of legal procedure, was placed in a very difficult position after his long term lawyer was unable to transfer the case to Maryland.  His lawyer was not licensed in Washington,  DC and thus could not represent Defendant Miski before this Court.  Defendant Miski immediately began the search for a Washington, DC lawyer, which was extremely difficult because of his limited financial means.  After a long search, Defendant Miski approached present counsel, who agreed to represent him after discovering that Defendant has meritorious defenses and counterclaims against the Plaintiffs.

9.    Defendant Miski's preceding statement is blatantly false since the Law Firm of Bonner, Kiernan, Trebach & Crociata, LLP was Defendant Miski's counsel of record in this matter until December 2007.

10.    In his response to Plaintiff Libyan Government's motion, Defendant Miski repeatedly refers to Plaintiff Libyan Government's "coercive origins of this case whereby the Plaintiffs attempted to acquire the property of the Defendant without compensation" and refers to Plaintiff Libyan Government's complaint as "frivolous and coercive" but fails to cite any facts upon which to support these statements.  See pages 3 and 5 of Defendant Miski's response.

11.    As part of his response to Plaintiff Libyan Government's motion, Defendant Miski filed cross-motions to dismiss Plaintiff Libyan Government's complaint and to

strike the documents that Plaintiff Libyan Government attached to its complaint, claiming, without further support, "abandonment per Rule 41 (b)."[1]

**Argument**

## I.     DEFENDANT MISKI FAILS TO STATE ANY REASON THAT WOULD JUSTIFY HIS LATE FILING OF HIS RESPONSIVE PLEADINGS.

Defendant Miski fails to state any reason that would justify his late filing of his responsive pleadings. Defendant Miski attempted to justify his late filing was by falsely stating that he did not have a lawyer licensed to practice in the District of Columbia. Of course, this false statement is easily proven by a cursory review of the Court's docket sheet that clearly shows that not only was Defendant Miski represented by a District of Columbia attorney, but was represented by a major District of Columbia firm, Bonner, Kiernan, Trebach & Crociata, LLP. Defendant Miski also states (without further support) that he is a "semi-literate man with very limited financial means, with no concept or understanding of legal procedure." The veracity of this statement is also in question since Defendant Miski was involved in a high-profile case in this very Court that

---

[1]     Defendant Miski's counsel, Kamal Nawash, states in his Local Rule 7 (m) Certification that "I contacted, by telephone, opposing counsel, J.P. Szymkowicz, Esquire, in a good-faith effort to determine whether there is any opposition in the relief sought in Defendant's response to Plaintiffs' motions and Defendant's motions to dismiss Plaintiffs' complaint or in the alternative [sic] strike certain attachments from the complaint and, if there is opposition, to narrow the areas of disagreement. Attorney J.P. [sic] responded by obnoxiously stating, 'BRING IT ON.'" [emphasis in original]. Attorney Nawash's attempt to make Attorney Szymkowicz appear cavalier in his representation of the Libyan Government neglects to detail the entire conversation. Prior to jokingly telling Attorney Nawash to "Bring it On," Attorney Szymkowicz asked Attorney Nawash upon what authority he had for Defendant Miski's motion to dismiss based on a short period of time during which no activity took place in the case. Attorney Nawash failed to cite **any** such authority, and therefore, Attorney Szymkowicz stated "Well, there's no way my client would consent to such a motion," to which Attorney Nawash replied that he would still be filing the motion. It was at this point that Attorney Szymkowicz stated, in a matter-of-fact manner, "Well, bring it on and we'll see what happens."

involved providing registration services for another Arab country, the United Arab Emirates, <u>Arab American Chamber of Commerce v. Miski</u>, Civil Docket Number 01-CV-1572. Defendant Miski then attempts to blame the Law Firm of Bonner, Kiernan, Trebach & Crociata, LLP for "inadvertently fail[ing] to answer the complaint or inform the Defendant that no answer was filed." Again, this does not provide any legal justification for Defendant Miski's failure to file timely responsive pleadings.

Defendant Miski has also failed to state any legal justification as to why the Court should refrain from entering a default judgment against him. He has failed to show "good cause" pursuant to F.R. Civ. P. 55 or that there was "mistake, inadvertence, surprise or excusable neglect" pursuant to F.R. Civ. P. 60. The fact remains that since Defendant Miski has provided no legal justification for his untimely responsive pleadings, his answer and counterclaim should be stricken and a default judgment should be entered in Plaintiff Libyan Government's favor.

## II. PLAINTIFF LIBYAN GOVERNMENT IS IMMUNE FROM DEFENDANT MISKI'S COUNTERCLAIM PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITIES ACT.

### A. Defendant Miski has not addressed Plaintiff Libyan Government's argument that his three causes of action are clearly barred by Section 1605 (a) (5) (B) of the Foreign Sovereign Immunities Act.

As previously stated in Plaintiff Libyan Government's motion to dismiss, Defendant Miski's counterclaim is based on three counts: "tortuous interference with contract," "tortuous interference with prospective economic advantage" and "abuse of process." 28 U.S.C. § 1605 (a) (5) (B) states that a foreign sovereign (such as Plaintiff Libyan Government) is immune from

any claim arising out of malicious prosecution, **abuse of process**, libel, slander, misrepresentation, deceit, or **interference with contract rights**. [emphasis added].

Defendant Miski's response to Plaintiff Libyan Government's motion fails to address the counts of "tortuous interference with contract" and "abuse of process" (possibly because he cannot defend these counts pursuant to Section 1605 (a) (5) (B), and, with regard to his "tortuous interference with prospective economic advantage" claim, merely states that Section 1605 (a) (5) (B) "does not mention intentional interference with economic advantage." While it is true that Section 1605 (a) (5) (B) does not specifically mention "intentional interference with economic advantage," it is clear that such a cause of action falls under the "interference with contract rights" category since "intentional interference with economic advantage" is simply another way of saying "interference with contract rights." Therefore, Section 1605 (a) (5) (B) mandates dismissal of Defendant Miski's counterclaim.

**B.      Plaintiff Libyan Government has not "waived their immunity by implication."**

Defendant Miski claims that Plaintiff Libyan Government has somehow (again, without any facts to support this meritless claim) "waived their immunity by implication" citing Section 1605 (a) (1) of the Foreign Sovereign Immunities Act. 28 U.S.C. § 1605 (a) (1). In Gates v. Victor Fine Foods, 54 F.3d 1457, 1465 (9th Cir. 1995), the court held that the "waiver exception must be narrowly construed," stating, "[g]enerally speaking, implicit waivers are found only where (1) a foreign state has agreed to arbitration in another country; (2) a foreign state has agreed that the law of a particular country should govern the contract; or (3) a foreign state has filed a responsive pleading without raising the defense of sovereign immunity." The true facts concerning this case conclusively

show that Plaintiff Libyan Government has never "agreed to arbitration," that it never had

a contract with Defendant Miski (and even if it did, Defendant Miski has not shown, and

indeed, cannot, show that Plaintiff Libyan Government has "agreed that the law of a

particular country should govern the contract" and did not "file a responsive pleading

without raising the defense of sovereign immunity."

> **1.     By bringing the instant lawsuit against Defendant Miski
> for his misuse of the domain names, "embassyoflibya.org,"
> "libyaembassy.com,"          "libyaembassy.org"          and
> "libyanembassy.com," Plaintiff Libyan Government has not
> consented to any waiver of its immunity with regard to
> Defendant Miski's counterclaim.**

By bringing the instant lawsuit against Defendant Miski for his misuse of the

domain names, "embassyoflibya.org," "libyaembassy.com," "libyaembassy.org" and

"libyanembassy.com," Plaintiff Libyan Government has not consented to any waiver of

its immunity with regard to Defendant Miski's counterclaim.  Therefore, this Honorable

Court should find that Plaintiff Libyan Government is immune from Defendant Miski's

frivolous counterclaim and should dismiss the counterclaim.

> **C.     The "commercial activity" exception contained in the Foreign
> Sovereign Immunities Act does not apply in the instant case since
> Plaintiff Libyan Government did not engage in any activity with
> Defendant Miski, much less "commercial activity."**

The "commercial activity" exception contained in the Foreign Sovereign

Immunities Act does not apply in the instant case since Plaintiff Libyan Government did

not engage in any activity with Defendant Miski, much less "commercial activity."  In

MCI Telecommunications Corp. v. Al-Hadhood, 82 F.3d 658, 662-63 (5th Cir. 1996), the

court stated that

> The FSIA provides foreign states immunity from suit in federal and state
> courts unless a specified exception applies.  See 28 U.S.C. § 1604.  One
> such exception, "commercial activity," is defined under the Act as "either

7

> a regular course of commercial conduct or a particular transaction or act."
> See 28 U.S.C. § 1603 (d).   The commercial character of an activity shall
> be determined by reference to the nature of the course of conduct or
> particular transaction or act, rather than by reference to its purpose.

Moreover, the court held that "an activity has a commercial nature for purposes of FSIA immunity if it is of a type that a private person would customarily engage in for profit." Id.   In the instant case, Defendant Miski's counterclaim makes no allegation that the Libyan Government undertook any activity that remotely be construed as "commercial activity" or activity "of a type that a private person would customarily engage in for profit."   Rather, Defendant Miski's counterclaim sets forth facts that show that he himself (rather than Plaintiff Libyan Government) was engaged in some sort of "courier, notary and documentation authentication" services.   See Paragraph 43 of Defendant Miski's counterclaim.   As an aside, Defendant Miski's claim that he is a "semi-literate man" is odd, considering the fact that he seeks to provide "notary and documentation authentication services."   See page 2 of Defendant Miski's response to Plaintiff Libyan Government's motion.   Moreover, while Plaintiff Libyan Government vigorously denies Defendant Miski's claim that it "attempted to coercively share in the profits of Defendant," such conduct, would not rise to the level of "commercial activity" since the "notary and documentation authentication" services that Defendant Miski claims to provide on Plaintiff Libyan Government's behalf would not be "of a type that a private person would customarily engage in for profit" since private persons would not need governmental documents certified as Defendant Miski claims Plaintiff Libyan Government needs.   Defendant Miski's counterclaim fails to set forth a single fact that would show that Plaintiff Libyan Government is engaged in "commercial activity"

pursuant to the Foreign Sovereign Immunities Act, and for that reason, Plaintiff Libyan

Government's motion to dismiss should be granted.

**III.   THE   EXHIBITS   ATTACHED   TO   PLAINTIFF   LIBYAN
GOVERNMENT'S   COMPLAINT   ARE   ESSENTIAL   TO   THE
DETERMINATION OF THIS ACTION, AND THEREFORE, ARE NOT IN
VIOLATION OF LOCAL CIVIL RULE 5.1 (G) AS DEFENDANT MISKI
CLAIMS.**

The exhibits attached to Plaintiff Libyan Government's complaint are essential to

the determination of this action, and therefore, are not in violation of Local Civil Rule 5.1

(g) as Defendant Miski claims.  The exhibits that Plaintiff Libyan Government attached

are printouts of the WHOIS identifier that clearly show that Defendant Miski is the owner

of record of the domain names at issue.  Such exhibits are clearly "essential to the

determination of the action" since ownership of the domain names is the central issue in

the case.  Plaintiff Libyan Government also attached a printout from Defendant Miski's

website, www.libyanembassy.com, to show how Defendant Miski was profiting from his

misuse of the Libyan Government's name on a website that is governed by the

"Cybersquatting" statute, 15 U.S.C. § 1117.  Such attachments are clearly permitted

under of Local Civil Rule 5.1 (g) and should not be stricken.

**IV.   DEFENDANT MISKI HAS PROVIDED NO LEGAL JUSTIFICATION
FOR OR SET FORTH ANY FACTS THAT WOULD SUPPORT HIS CLAIM
THAT PLAINTIFF LIBYAN GOVERNMENT'S COMPLAINT SHOULD BE
STRICKEN DUE TO "ABANDONMENT."**

Defendant Miski has provided no legal justification for or set forth any facts that

would support his claim that Plaintiff Libyan Government's complaint should be stricken

due to "abandonment" pursuant to F. R. Civ. P. 41 (b).  While Plaintiff Libyan

Government admits that its counsel failed to immediately move for default judgment

upon Defendant Miski's failure to file timely responsive pleadings in August 2007, this

failure did not result in any "abandonment" of the case since Plaintiff Libyan Government's counsel immediately moved to strike Defendant Miski's untimely answer and counterclaim upon its filing in December 2007. In fact, several courts have held that it takes much more than the four month delay that occurred in the instant case in order to find that a plaintiff has "abandoned" its case. In <u>Smith-Bey v. Cripe</u>, 852 F. 2d 592, 594 (D.C. Cir. 1988), the court held that "neither the delay in service of process nor the eight months of inactivity warrants dismissal under Rule 41(b) for failure to prosecute." In addition, a case cited in <u>Smith-Bey</u>, <u>Sykes v. U.S.</u>, 290 F.2d 555, 557 (9th Cir. 1961), held that a six month and twenty-eight day "lack of prosecution" was not sufficient to warrant dismissal under Rule 41(b), stating "the policy of the law is to try cases on their merits." Moreover, in <u>U.S. v. Norden Systems, Inc.</u>, 375 F.3d 248, 251 (2nd Cir. 2004), the court observed that dismissal under Rule 41(b) is

> one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances. While we agree with the district court that [the plaintiff's] 17 month delay was inexcusably long, we do not agree that the circumstances were sufficiently egregious or that [the plaintiff's] actions were so contumacious as to warrant dismissal of his entire complaint. Thus, we hold it was an abuse of the district court's discretion to dismiss plaintiff's complaint.

**A.    Assuming arguendo that Defendant Miski had legal justification for his motion to dismiss based on an alleged "abandonment," he waived that defense by failing to move for dismissal at the time he filed his untimely answer.**

Assuming arguendo that Defendant Miski had legal justification for his motion to dismiss based on an alleged "abandonment," he waived that defense by failing to move for dismissal at the time he filed his untimely answer. Had Defendant Miski truly believed that Plaintiff Libyan Government "abandoned" its case in December 2007, he

would have filed a motion to dismiss based on that alleged "abandonment" rather than filing his answer (which failed to allege such a claim as to "abandonment").  Therefore, since Defendant Miski has waived any "abandonment" defense through his filing of his answer and since the law clearly disfavors any "abandonment" of a case outside of the most egregious situations (none of which are present in the instant case), Defendant Miski's motion to dismiss Plaintiff Libyan Government's complaint should be denied.

Respectfully submitted,

/x/_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)

Attorney for Plaintiff Great Socialist People's Libyan Arab Jamahiriya

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| GREAT SOCIALIST PEOPLE'S<br>LIBYAN ARAB JAMAHIRIYA, <u>et al</u>. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number: <u>06-CV-2046 (RBW)</u> |
| | ) | |
| AHMAD MISKI | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT MISKI'S CROSS-MOTIONS TO DISMISS AND MOTION TO STRIKE ATTACHMENTS FROM COMPLAINT

Upon consideration of Defendant Miski's cross-motions to dismiss Plaintiff Libyan Government's complaint and to strike the documents that Plaintiff Libyan Government attached to its complaint and Plaintiff Great Socialist People's Libyan Arab Jamahiriya and Plaintiff Embassy of the Libyan Arab Jamahiriya's response thereto, IT IS HEREBY ORDERED THAT the motion is DENIED.

_____          _____
Date                                                      Reggie B. Walton
                                                               United States District Judge

cc:

J.P. Szymkowicz (#462146)                     Kamal M. Nawash (#458755)
SZYMKOWICZ & SZYMKOWICZ, LLP        THE NAWASH LAW OFFICE
1220 19th Street, N.W., Suite 400              1050 17th Street, N.W., Suite 1000
Washington, DC 20036-2438                      Washington, DC 20036
(202) 862-8500 (voice)                              (202) 776-7191 (voice)
(202) 862-9825 (fax)                                  (202) 728-1196 (fax)

Attorney for Plaintiff Great Socialist People's    Attorney for Ahmad Miski
Libyan Arab Jamahiriya