IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| GREAT SOCIALIST PEOPLE'S ) <br> LIBYAN ARAB JAMAHIRIYA, <u>et</u> <u>al.</u> ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> AHMAD MISKI ) <br> ) <br> Defendant, ) | Case Number:  06-CV-2046RBW |

**DEFENDANT'S SUR REPLY TO PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS TO STRIKE & DISMISS DEFENDANT'S ANSWER & COUNTERCLAIM &  PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND**
**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S CROSS MOTIONS TO DISMISS & STRIKE ATTACHMENTS FROM THE COMPLAINT & TO DISMISS PLAINTIFF'S CASE PER RULE 41(b)**

**Oral Hearing Requested on Plaintiff and Defendant's Outstanding Motions**

Defendant Ahmed Miski, by and through his attorney, Kamal Nawash, respectfully submits this Sur Reply to correct various misrepresentations made in Plaintiffs' reply to Defendant's response to Plaintiffs' motions to strike & dismiss Defendant's answer and counterclaim, &  Plaintiffs' motion for default judgment. Moreover, please find enclosed Defendant's reply to Plaintiffs' response to Defendant's cross motions to dismiss & strike attachments from the complaint and dismissal per Rule 41(b).

**Background**

1.  On November 30, 2006, Plaintiffs filed a complaint seeking the taking of property in the form of domain names from Defendant, without compensation.

2. On January 8, 2007, attorney Suzan Lewis of Bonner, Liernan, Trebach & Crociata, LLP filed a motion to have Defendant's attorney appear Pro Hac Vice before this Honorable Court. See Docket entry #5.

3. On January 8, 2007, the Defendant filed a motion to dismiss or to transfer the case to his home state of Maryland, which was denied on July 30, 2007.

4. Since July 30, 2007, the Plaintiffs have not taken any action to prosecute their case and for all intents and purposes appeared to have abandoned their case.

5. Defendant Ahmad Miski, who is a semi literate man in English, with very limited financial means, and with no concept or understanding of legal procedure, was placed in a very difficult position after his Maryland lawyer was unable to transfer the case to Maryland. His lawyer was not licensed in Washington DC and thus could not represent Defendant Miski before this Court.

6. Defendant Miski was unable to continue with the D.C. law firm that motioned his attorney via Pro Hac Vici due to financial hardship.

7. Defendant Miski immediately began the search for an affordable Washington DC lawyer, which was extremely difficult because of his limited financial means. After a long search, Defendant Miski approached present counsel, who agreed to represent him after discovering that Defendant has meritorious defenses and counterclaims against the Plaintiffs.

8. In December of 2007, present counsel reviewed the electronic file for this case and discovered that no answer was filed and that the Plaintiffs appeared to have abandoned their case. Upon learning that no answer was filed either by

        his Maryland attorney or the D.C. attorney, Defendant Miski immediately instructed present counsel to file an answer.

9.     After the Defendant filed an answer and a counterclaim, Plaintiffs filed a motion to dismiss or strike the counterclaim and answer and filed a motion for default judgment, nearly five months after they should have filed such a motion.

10.    Upon making an appearance on behalf of Defendant, present counsel contacted Plaintiffs attorney to attempt to settle outstanding issues in compliance with Rule 7(m) and twice attorney J.P. Szymkowicz brazenly ignored rule 7(m) and behaved outrageously with present counsel.

<u>Argument</u>

**I. PLAINTIFFS' COUNSEL MADE MISREPRESENTATION TO THIS COURT REGARDING HIS COMPLIANCE WITH LOCAL RULE 7(M) AND HIS CONVERSATIONS WITH DEFENSE COUNSEL.**

    Defense counsel has never accused another member of the bar of making an intentional misrepresentation to any Court and attorney Nawash will not start today. However, Plaintiffs' counsel has made several misrepresentations in Plaintiffs' reply to Defendant's response to Plaintiffs Motions to dismiss or strike Defendant's counterclaim and answer and for default judgment. (hereinafter referred to as Plaintiffs' reply). (Docket entries 19 & 20).

    In foot note 1 of page four of Plaintiffs' reply, Plaintiffs' counsel responds to Defense counsel's Rule 7(m) certification by representing to the court a narrative that never occurred. Defense counsel made the following certification in his response:

*I hereby certify that on January 10, 2008, I contacted, by telephone, opposing counsel, J.P. Szymkowicz , Esquire, in a good-faith effort to determine whether there is any*

*opposition to the relief sought in Defendant's response to Plaintiffs' motions and Defendant's motions to dismiss Plaintiffs' complaint or in the alternative strike certain attachments from the complaint  and, if there is opposition, to narrow the areas of disagreement.  Attorney J.P. responded by obnoxiously stating [**"BRING IT ON."**]*

To the above certification attorney Szymkowicz represented to this Court in foot note 1 that:  *Attorney Nawash's attempt to make Attorney Szymkowicz appear cavalier in his representation of the Libyan Government neglects to detail the entire conversation. Prior to jokingly telling Attorney Nawash to "Bring it On," Attorney Szymkowicz asked Attorney Nawash upon what authority he had for Defendant Miski's motion to dismiss based on a short period of time during which no activity took place in the case. Attorney Nawash failed to cite any such authority, and therefore, Attorney Szymkowicz stated "Well, there's no way my client would consent to such a motion," to which Attorney Nawash replied that he would still be filing the motion. It was at this point that Attorney Szymkowicz stated, in a matter-of-fact manner, "Well, bring it on and we'll see what happens."*  The above conversation never occurred.

Attorney Nawash certifies to this Court, under penalty of perjury, that attorney Szymkowicz's representation in the above paragraph is absolutely false.  Attorney Nawash had no conversation with attorney Szymkowicz about Defendant's motion to dismiss based on FRCP 41(B) other than what was represented in the Rule 7(m) certification.  Attorney Nawash contacted attorney Szymkowicz and informed him that a motion to dismiss was being filed for "abandonment," at which point attorney Szymkowicz interrupted and said "bring it on."  Attorney Nawash then responded by asking attorney Szymkowicz  if he is interested in discussing the motion or the settlement of the case at which point attorney Szymkowicz stated "no" and then abruptly ended the conversation by hanging up the phone.  There is a witness to this conversation.

Within minutes of hanging up the phone on attorney Nawash,  attorney Szymkowicz  sent an email response to attorney Nawash in which he threatened attorney Nawash with sanctions if attorney Nawash filed Defense motion to dismiss.  (See exhibit 1).  The email that was sent by attorney Szymkowicz is clear proof that the email was the

first response to attorney Nawash's phone call and that responding to attorney Nawash was an afterthought. Attorney Szymkowicz begins his email by stating:

*"I am writing to you in [**response**] to your phone call today in which you stated that you intend to file a Motion to Dismiss the Libyan Government's claims against Mr. Miski for what you referred to as "abandonment" and what we interpret as "lack of prosecution" pursuant to F. R. Civ. P. 41 (b)."*

This e-mail was in fact the only communication that attorney Szymkowicz had with attorney Nawash other than telling him on the phone to "bring it on."

While attorney Nawash strongly believes that attorney Szymkowicz's behavior is inappropriate, it is not for attorney Nawash to teach attorney Szymkowicz proper manners. However, when attorney Szymkowicz misrepresents a discussion that never occurred, attorney Nawash has to respond to the misrepresentation. Nevertheless, the Court should note that attorney Nawash is not accusing attorney Szymkowicz of intentional misrepresentation. Attorney Nawash is willing to give Plaintiffs counsel the benefit of any doubt.

Moreover, the above mentioned misrepresentation is not the first time attorney Szymkowicz ignored Rule 7(m) and behaved in a bizarre manner. During the Christmas holidays, attorney Szymkowicz contacted attorney Nawash to ask if the Defendant would consent to having his answer struck and if he would also consent to a default Judgment. When attorney Nawash attempted to discuss the motion and the case with attorney Szymkowicz, attorney Szymkowicz stated that he was not interested in a discussion and hung up the phone while attorney Nawash was still speaking. It is clear that attorney Szymkowicz interprets local rule 7(m) as meaningless procedure rather than a rule to facilitate the resolution of issues.

Wherefore, Defendant respectfully asks this Court to note for the record that the content of foot note 1 of page 4 of Plaintiffs' reply motion is a misrepresentation. Defendant further requests this Court to order attorney Szymkowicz to adhere to local rule 7(m) so that the parties are able to resolve issues and disputes without having to waste the resources and the time of this Honorable Court.

## II.     PLAINTIFFS ATTEMPT TO MISLEAD THE COURT BY REPRESENTING THAT DEFENDANT WAS REPRESENTED BY A DISTRICT OF COLUMBIA LAW FIRM.

Again on page four of Plaintiffs reply, the Plaintiffs attempt to mislead this Honorable Court in making the following statement:

*"Defendant Miski attempted to justify his late filing by falsely stating that he did not have a lawyer licensed to practice in the District of Columbia. Of course, this false statement is easily proven by a cursory review of the Court's docket sheet that clearly shows that not only was Defendant Miski represented by a District of Columbia attorney, but was represented by a major District of Columbia firm, Bonner, Kiernan, Trebach & Crociata, LLP."*

The above statement is incredibly misleading because Plaintiffs or their counsel know that on January 8, 2007, attorney Suzan Lewis of Bonner, Liernan, Trebach & Crociata, LLP. only filed a motion to have Defendant's attorney appear Pro Hac Vice before this Honorable Court.  See Docket entry #5.

## III.     "IN ANY ACTION BROUGHT BY A FOREIGN STATE, OR IN WHICH A FOREIGN STATE INTERVENES, IN A COURT OF THE UNITED STATES OR OF A STATE, THE FOREIGN STATE SHALL NOT BE ACCORDED IMMUNITY WITH RESPECT TO ANY COUNTERCLAIM."

Plaintiffs fail to comprehend 28 U.S.C. § 1607, which clearly states:

*"in any action brought by a foreign state, or in which a foreign state intervenes, in a court of the united states or of a state, the foreign state shall not be accorded immunity with respect to any counterclaim Plaintiffs are not immune from Defendant's counterclaim when it was the Plaintiffs who initiated the lawsuit."*

In fact, several provisions from the Foreign Sovereign Immunities Act, 28 U.S.C. §1605, and § 1607, allow the Defendant to file a counterclaim under the facts of this case. In addition to the provisions of §1605 which were discussed in Defendant's previous reply, §1607 unquestionably grants Defendant the absolute right to bring a counterclaim against Plaintiffs. Section §1607 reads as follows:

*"§1607. Counterclaims*
*In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim:*
*(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or*
*(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or*
*(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state."*

Every provision of §1607 allow the Defendant to file a counterclaim against Plaintiffs. For example, §1607(b) does not accord immunity when the counterclaim arises out of the same transaction or occurrence that is the subject matter of the claim of the foreign state. In the case at hand the counterclaim and the Plaintiffs' claim arise out of the same transaction or occurrence. As mentioned previously, the basis of the lawsuit by Plaintiffs is several domain names, owned by the Defendant, and that advertise various services, dealing with embassies, which are sold by Defendant. As a result of the Plaintiffs' desire to coerce Defendant to give up his ownership of the domain names, the Plaintiff embassy of Libya, refused to perform services to anyone who was a customer of or who utilized the advertised services of Defendant. By refusing to serve anyone who does business with Defendant, the Plaintiff has caused substantial damage to Defendant.

In addition, §1607(c) also allows the Defendant to file a counterclaim *"to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind*

*from that sought by the foreign state."* In the case at hand, the Plaintiff is suing Defendant for 1.4 million dollars whereas Defendant is sing for one million dollars.

Also, see <u>Saudi Basic Ind. Corp. v. Exxonmobil Corp.,</u> 194 F.Supp.2d 378 (D.N.J. 2002) where that Court citing another case stated:

*"Moreover, in In re Oil Spill By Amoco Cadiz [Republic of France v. Standard Oil Co.], 491 F. Supp. 161 (N.D.Ill. 1979), the district court rejected a foreign state's argument that the mere filing of a complaint does not constitute waiver, and found that defendant had waived by implication its foreign state immunity to third-party claims under section 1605(a)(1). Id. at 167-168. There was an implied waiver because the foreign state had "[invoked] the jurisdiction of the United States to adjudicate claims which arose outside the U.S."'*

Wherefore, Defendant respectfully requests this Honorable Court to rule that Defendant's counterclaim is not barred by the Foreign Sovereign Immunities Act.

**IV.   THIS HONORABLE COURT SHOULD GRANT DEFENDANT MISKI'S MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO PROSECUTE THEIR CASE AND ABANDONMENT PER RULE 41(B).**

In their reply, Plaintiffs argue:

*"[w]hile Plaintiff Libyan Government admits that its counsel failed to immediately move for default judgment upon Defendant Miski's failure to file a timely responsive pleading in August 2007, this failure did not result in any "abandonment" of the case since Plaintiff Libyan Government's counsel immediately moved to strike Defendant Miski's untimely answer and counterclaim upon its filing in December 2007."*

This is an illogical and non-persuasive argument.  Defendant contends that the Plaintiffs abandoned the case because the Defendant does not have "deep pockets" and because this is a frivolous lawsuit with which the Plaintiffs used to harass and coerce the Defendant into giving up his property.  As to responding to the Defendant's answer and counterclaim, this cannot be given any weight or significance because once Defendant answered the complaint and filed the counterclaim, the Plaintiffs had no choice but to

respond and attempt to dismiss the counterclaim because doing nothing could expose the Plaintiffs to a substantial judgment.

Moreover, in their reply, the Plaintiffs ironically cited the following paragraph from U.S. v. Norden Systems, Inc.:  *"one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court.  As a result, it is reserved  for use only in the most extreme circumstances.…"* What is ironic about this statement is that on one hand Plaintiffs seek dismissal of Plaintiffs answer and counterclaim and a default judgment, a harsh sanction, while at the same time argue that dismissing their case based on Rule 41(b) is the "harshest sanction" and that a case should be judge on the merit.

Wherefore, Defendant requests this Honorable Court to dismiss plaintiffs' case per F.R. Civ.P.  41(b).

Respectfully submitted,

/x/_____
Kamal Nawash, Esq. (DC Bar#: 458755)
THE Nawash Law Office
1050 17th St. NW Suite 1 000
Washington, DC 20036
202-776-7191
202-728-1196 (fax)
Localdcattorney@yahoo.com
Attorney for Defendant Ahmad Miski

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, <u>et</u> <u>al.</u><br>  Plaintiffs,<br><br>Vs.<br><br>AHMAD MISKI<br>  Defendant, | )<br>)<br>)<br>) Case Number: 06-CV-2046RBW<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT MISKI'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVLY TO STRIKE ALL ATTACHMENTS TO THE COMPLAINT AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER , COUNTERCLAIM, AND TO DENY PLAINTIFFS MOTION FOR DEFAULT JUDGMENT**

Upon consideration of Defendant Miski's motion to dismiss Plaintiffs' complaint for failure to prosecute, per Rule 41(b), or in the alternative to strike all attachments from Plaintiffs' complaint, and upon consideration of Defendant Miski's response to Plaintiffs' motion to strike or dismiss Defendant's answer and counterclaim and Plaintiffs motion for default judgment, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that Defendant's motion to dismiss Plaintiffs' complaint is **GRANTED ____;** Alternatively it is:

**ORDERED**, that Plaintiffs' complaint be stricken of all attachments and exhibits_____; and

**ORDERED,** that Plaintiffs' motion to strike or dismiss Defendant's answer and counterclaim is **DENIED_____;**

**ORDERED,** that Plaintiff's motion for default judgment is **DENIED\_\_\_\_.**

_____    _____
Date                                                              Reggie B. Walton
                                                                          United States District Judge

cc:

J.P. Szymkowicz (#462146)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
Attorney for Plaintiff Great Socialist People's Libyan Arab Jamahiriya

Kamal Nawash (#458755)
THE NAWASH LAW OFFICE
1050 17th Street, N.W., Suite 1000
Washington, DC 20036
(202) 776-7191 (voice)
(202) 728-1196 (fax)
Attorney for Ahmad Miski

(Exhibit 1)

**From:** "J.P. Szymkowicz" <jp@szymkowicz.com>
**Subject:**   Libya v. Miski - Proposed Motion to Dismiss for Lack of Prosecution
**Date:**   Thu, 10 Jan 2008 13:54:31 -0500

   Kamal Nawash, Esquire
The Nawash Law Office
1050 17th Street, N.W., Suite 1000
Washington, DC  20036
(202) 776-7191
kamal@kamalnawash.com
localdcattorney@yahoo.com

Mr. Nawash:

I am writing to you in response to your phone call today in which you stated that you intend to file a Motion to Dismiss the Libyan Government's claims against Mr. Miski for what you referred to as "abandonment" and what we interpret as "lack of prosecution" pursuant to F. R. Civ. P. 41 (b).

Please be advised that should you file such a Motion, I will have no choice but to seek sanctions against you and your client pursuant to F. R. Civ. P. 11 since this is clearly a motion that has no basis in fact or law and is intended to harass my client into engaging the settlement negotiations that you suggested today.

Before filing your proposed Motion, I suggest that you review Smith-Bey v. Cripe, 852 F. 2d 592, 594 (D.C. Cir. 1988), which states that "neither the delay in service of process nor the eight months of inactivity warrants dismissal under Rule 41(b) for failure to prosecute."  In addition, you should review a case cited in Smith-Bey, Sykes v. U.S., 290 F.2d 555, 557 (9th Cir. 1961), in which the court held that a six month and twenty-eight day "lack of prosecution" was not sufficient to warrant dismissal under Rule 41(b), stating "the policy of the law is to try cases on their merits."  Moreover, in U.S. v. Norden Systems, Inc., 375 F.3d 248, 251 (2nd Cir. 2004), the court observed that dismissal under Rule 41(b) is "one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court.  As a result, it is reserved for use only in the most extreme circumstances.  While we agree with the district court that [the plaintiff's] 17 month delay was inexcusably long, we do not agree that the circumstances were sufficiently egregious or that [the plaintiff's] actions were so contumacious as to warrant dismissal of his entire complaint.  Thus, we hold it was an abuse of the district court's discretion to dismiss plaintiff's complaint."

It is my sincere hope that after review of the relevant case law on dismissal for want of prosecution you will come to the realization that your threatened motion has no basis in fact or law, and therefore, you will decide not to file such a frivolous motion.

J.P. SZYMKOWICZ
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19TH ST NW STE 400
WASHINGTON, DC  20036-2438
(202) 862-8500 (office)
(202) 607-5500 (mobile)
jp@szymkowicz.com