UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
GREAT SOCIALIST PEOPLE'S LIBYAN    )
ARAB JAMAHIRIYA and EMBASSY OF     )
THE LIBYAN ARAB JAMAHIRIYA,        )
                                   )
                Plaintiffs,        )
                                   ) Civil Action No. 06-2046 (RBW)
        v.                         )
                                   )
AHMAD MISKI,                       )
                                   )
                Defendant.         )
_____)

## ORDER

This matter came before the Court for a hearing on several pending motions, namely: (1) the defendant's Motion to Show Cause;[1] (2) Plaintiff Libyan Government's Motion for Summary Judgment; (3) the defendant's Motion to Strike or Deny Plaintiffs' Summary Judgment Motion and Motion for Sanctions; and (4) the defendant's Motion to Strike or Dismiss Plaintiff "Embassy of the Libyan Arab Jamahiriya." At the May 28, 2010 hearing on these motions, the defendant also made an oral motion seeking to have the Court reconsider its earlier ruling in its January 25, 2010 Memorandum Opinion and accompanying Order that he had failed to timely request a jury trial and it was therefore waived, or alternatively, seeking leave to file a written motion setting forth his basis for such relief. All motions were opposed.[2]

---

[1] Despite its misleading title, this motion seeks an extension of time to complete discovery.

[2] In resolving these motions, the Court also considered the following documents: Plaintiff Libyan Government's Opposition to Defendant Miski's "Motion to Show Cause Why Plaintiffs Should Respond to Defendant's Second Set of Interrogatories and Accept Defendant's Expert Witness" and Defendant's Motion to Extend Discovery for 60 Days (Docket #65); Plaintiff Libyan Government's Opposition to
(continued . . .)

Based on the parties' filings and their oral arguments presented at the May 28, 2010 hearing, the governing legal authority, and for the reasons set forth by the Court during that hearing and supplemented by this Order, it is hereby

**ORDERED** the defendant's Motion to Show Cause is **GRANTED IN PART** to the extent that the defendant seeks additional discovery, but only to the extent set forth in this Order, and **DENIED IN PART** as to all remaining relief sought by the defendant. Specifically, discovery shall be reopened until July 30, 2010, for the defendant to make limited inquires to a representative for the plaintiffs, and to have the plaintiffs respond to the interrogatories that were submitted in Defendant's Second Set of Interrogatories Directed to Plaintiffs/Counter Defendants, which was originally submitted untimely on July 30, 2009. As to the extent of the inquires that can be presented to the plaintiffs' representative, those inquires are limited to subject matters relevant to the plaintiffs' claims, as well as an exceptionally limited inquiry into whether the plaintiffs knew that the defendant had any of the specific contracts and prospective business relationships or expectancies with third parties that are the subject to the defendant's counterclaims. If the plaintiffs' representative affirmatively admits that the plaintiffs knew of such contracts or business relationships or expectancies, the defendant is permitted to inquire further into the plaintiffs' knowledge, but if the plaintiffs' representative denies any such knowledge, no further inquiry is authorized. It is further

---

( . . . continued)
Defendant Miski's Motion to Strike or Deny Plaintiffs' Motion for Summary Judgment and Motion for Sanctions (Docket #68); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment; Plaintiff Libyan Government's Reply to Defendant Miski's Opposition (Docket #73) to Plaintiff Libyan Government's Motion for Summary Judgment (Docket #67); and Plaintiff Libyan Government's Opposition to Defendant Miski's Motion to Strike or Dismiss Plaintiff Embassy of the Libyan Arab Jamahiriya (Docket #75).

**ORDERED** that the Plaintiff Libyan Government's Motion for Summary Judgment is **DENIED IN PART** as to the plaintiffs' claims since there are questions of material fact as to the defendant's intent and alleged bad faith, as well as whether any mark used by the defendant was confusingly similar to any trademark owned by the plaintiffs, factual disputes that cannot be resolved at the summary judgment stage, and **DENIED WITHOUT PREJUDICE IN PART** as to the defendant's counterclaims. It is further

**ORDERED** that the defendant's Motion to Strike or Deny Plaintiffs' Summary Judgment Motion and Motion for Sanctions is **DENIED** because the Court finds that no conduct worthy of sanctions or basis for striking the plaintiffs' motion has been identified by the defendant. It is further

**ORDERED** that the defendant's Motion to Strike or Dismiss Plaintiff "Embassy of the Libyan Arab Jamahiriya" is **GRANTED IN PART** in so far as the plaintiffs are ordered to amend their complaint within 10 days of the date of this Order to provide the additional alternative nomenclature used by the United States Department of State to identify what the plaintiffs self-identify as the "Embassy Of The Libyan Arab Jamahiriya." It is further

**ORDERED** that the defendant's oral motion seeking reconsideration of the Court's finding that the defendant had waived any right he may have had to have a jury consider his counterclaims by failing to timely make a jury demand is **DENIED**.[3] It is further

---

[3] In the Court's January 25, 2010 Memorandum Opinion, the Court relied upon the Federal Rules of Civil Procedure, which "require a party demanding a jury trial to 'serv[e] the other parties with a <u>written demand</u> – which may be included in a pleading – no later than 10 days after the last pleading directed to the

(continued . . .)

**ORDERED** that the following schedule shall apply to any further dispositive motions for judgment: the proponent of a motion shall file the motion by August 27, 2010; the opponent shall file any opposition by September 24, 2010; and the proponent of the motion shall file any reply to the opposition by October 8, 2010. It is further

**ORDERED** that the parties shall appear before this Court for a hearing on any pending motions on November 19, 2010, at 10 a.m. in Courtroom 16 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

**SO ORDERED** this 28th day of May, 2010.

\_\_\_\_\_/s/_____
Reggie B. Walton
United States District Judge

---

( . . . continued)
issue is served.'" See Great Socialist People's Libyan Arab Jamahiriya v. Miski, 683 F. Supp. 2d 1, 10-11 (D.D.C. 2010) (quoting Fed. R. Civ. P. 38(b)) (emphasis added)). While counsel for the defendant admitted during the May 28, 2010 hearing that his original written answer and counterclaim did not make a demand for a jury, he nonetheless maintains that he noted his request for a jury trial in the electronic filing he purportedly submitted to the Court. However, even if his representation is correct, which is not confirmed by the Court's electronic docket, the request for reconsideration would have to be denied given counsel's failure to timely serve a written demand on the plaintiffs.